# Charleston.

## McFARLAND AND McNEER vs. DILLY AND EVERETT.

### January Term, 1872.

1. A court of equity has jurisdiction to enjoin the sale of personal property under an execution, where the plaintiffs claim the property as owners, and charge fraud in the sale of it to them by the defendant in the execution, and collusion between him and the judgment creditor, in the procurement of the judgment, and otherwise, and they are without complete remedy at law.

2. Parties cannot be allowed to depart in their proofs, from the allegations of their bill.

Bill in equity filed in the circuit court of Wood county, April 11th, 1868. It alleged that the complainants, McFarland and McNeer, bought of defendant Everett, a certain barrel factory in Parkersburg, after some time being spent in negotiations, on the 3d day of September, 1867. That a contract was drawn up and signed on that day between the parties. The defendant represented the property to be free of incumbrances except certain liens which he designated and which the plaintiffs agreed to discharge. That plaintiffs took possession; that sometime thereafter the sheriff of Wood informed them that he had a writ of *fieri facias* against the property, including the barrels, staves, tools, fixtures, hoop iron, &c., of the establishment, issued on a judgment confessed in the clerk's office of Wood on the 31st day of August, 1867, and that it was levied on the same day. That the judgment was in favor of one Joseph Dilly, who was the father-in-law of Everett, and that by the representations of the latter he had intended to defraud the plaintiffs, well knowing that he had confessed the judgment to Dilly, but concealing the fact. That Dilly was also engaged with Everett in this attempt, and that from the relationship of

the parties they believed that the debt was a fictitious one, and without consideration. They therefore asked that Dilly and Everett be made parties, and be required to disclose the truth in relation to the confession of the judgment and the consideration on which it was founded, and that the sheriff be enjoined from selling the property levied on, he having it advertised.

The defendants answered, both denying fraud, but especially Dilly, who alleged that he resided at Cumberland, Maryland; had loaned Everett two thousand dollars, and taken his note for it at ninety days, with the understanding that if not paid at maturity he would confess a judgment; that it not being paid he had forwarded it to his attorney at Parkersburg and had never seen it since.

Everett denied, also, that the plaintiffs had paid for the property as they had agreed to do.

There were several depositions in the cause, but it is not material to give any of the testimony in the view taken of the cause by this court.

The court below dissolved the injunction and dismissed the appeal at December term, 1868.

The plaintiffs appealed to this court.

*Jackson & Small* for appellants.
*Lee* and *Hutchinson* for appellees.

MAXWELL, J. The appellants claim that the circuit court erred in dissolving the injunction and dismissing the bill, because of the collusion and fraud between Dilly and Everett as to the confession of judgment and the levy of the execution on the property purchased by the complainants. The appellees insist that the injunction was properly dissolved, although there may have been collusion and fraud between them, for the reason that a court of chancery has no jurisdiction to enjoin the sale of personal property.

As the complainants claim as owners, and charge fraud in their bill, and are without complete remedy at law, upon the case made in their bill, a court of equity has jurisdiction to enjoin the sale of the property. *Walker* vs. *Hunt*, 2 W. Va., 491. The answers, however, deny fraud and collusion, and

there is no proof going to show either as to Dilly the judgment creditor.

It was claimed in argument for the appellants, that the purchase of the property in question was complete on the 20th of August, 1867, and before the judgment was confessed, and there is some evidence in the record tending to show that such may have been the case, but the charge in the bill is that the purchase was made on the 3d day of September, 1867, two days after the judgment was confessed and execution issued upon it, and the parties cannot be allowed to depart in their proofs from the allegations of their bill. 2 Daniels Ch. Pl. and Prac., 992; Story's Eq. Pl., § 257.

There is no sufficient error to reverse the decree complained of, and it will have to be affirmed with damages and costs to the appellees.

The other judges concurred.

DECREE AFFIRMED.