# Charlestown.

## BAUGHER v. EICHELBERGER.

(Absent, GREEN, PRESIDENT).

Decided September 10, 1877.

1877.
August Term.

1. Whilst it is true, that a rigid and technical construction of bills and proceedings in equity is exploded in favor of substance, a party will not be allowed to recover upon a case proved, essentially differing from that alleged in the bill.

2. B., as *cestui que trust*, in two deeds of trust made to L., as trustee, filed his bill in equity in the name of himself and said trustee, to enforce his trust liens upon a particular tract of land of E., alleging priority over all other liens by one of his trust liens, but admitting the priority of certain other trust liens and judgment liens, designated by his bill and exhibits, over his second trust lien, and made those particular lienors parties to the suit, and praying to convene those creditors before a commissioner, to ascertain and audit their respective debts in the order of their priorities; and that the land, or so much thereof as may be necessary to pay B.'s debts, be sold. E. was owner of other tracts of land, upon which the said judgment creditors and others had liens, but the bill took no notice thereof. HELD:

    I. The bill was a single creditors' bill against all lienors on the particular tract of land designated in the bill, but was not a general creditors' bill, such as would have called for marshaling *all* the lien debts existing upon *all* the lands of E.

    II. The bill having for its object the enforcement of B.'s specific claims on a certain tract of E.'s land, B. could have a decree touching only the object of the bill.

    III. Upon such a bill, it is error to decree an account to be taken by a commissioner "of *all debts* due by E.," "and which are valid and subsisting liens on his lands, the

28

amounts of said debts, the persons to whom due, and their priority;" and to show "the quantity and annual and fee-simple value of *all* the lands of E." The bill not having contemplated, nor asked for such an account, parties interested, relying on the essential inquiry as made by the bill, may thus be taken by surprise, and not collect testimony to meet the commissioner's inquiry.

IV. If after discovered facts and testimony render it necessary for an account of such scope, the complainant should be permitted to file a supplemental bill, and thus present a proper cause for such an account.

Appeal from, and *supersedeas* to, three several decrees of the circuit court of the county of Jefferson, rendered in a cause in chancery, in which Charles H. Baugher and Daniel B. Lucas, trustee, were plaintiffs, and George W. Eichelberger and others, were defendants, one on the 10th November 1873; another 17th November 1874; and the third 28th April 1875.

The *supersedeas* was allowed upon the petition of the defendant George W. Eichelberger.

The facts sufficiently appear in the opinion of the Court.

Hon. John Blair Hoge, Judge of the third judicial circuit, rendered the decrees complained of.

*McDonald & Beckwith,* for appellant.

*Daniel B. Lucas,* for appellee.

MOORE, JUDGE, delivered the opinion of the Court:

Upon this appeal, Eichelberger complains that he is aggrieved by three decrees, rendered in this cause by the circuit court of Jefferson county, respectively November 10, 1873; November 17, 1874; and April 28, 1875; and assigns as error in the decrees of November 10, 1873, and November 17, 1874:

1st. The reference to a commissioner of the court, to state and settle an account of *all* the debts, which were liens on *any* of the lands of said Eichelberger, and to

ascertain their priorities; and to ascertain the quantity, and annual and fee-simple value of *each tract of land* owned by said Eichelberger.

2d. That it was error in the decree of April 28, 1875, to confirm said commissioner's report, auditing the debts which were liens on *all* of Eichelberger's lands, because no such report should have been ordered to be made in this cause, and the creditors could not be bound by it, as many of them were in no manner either actual or *quasi* parties to the suit, this not being a creditor's bill, but a suit simply to enforce the payment of a particular debt.

3d. There was error in the decree of April 28, 1875, in ordering a sale of all the lands owned by Eichelberger to pay those debts, which in this suit had been improperly audited, as liens on *all* his lands, and more especially *such as were liens only on the* 706 *acres* of land east of the Shenandoah river, because all, that in this cause the court could do, was to order the sale of the five acres and thirty-two perches, laid off to pay complainant's debt, the bill being intended only to enforce that debt.

4th. It was error to decree a sale of Eichelberger's lands without giving him a day.

These assignments of error formed the basis of the arguments in the cause as now presented to us.

It is urged in argument, that the decrees are based upon the assumption, that this was a creditor's bill; and it is submitted that such is not its character, but simply a bill to enforce the payment of a particular debt, and therefore it was error to refer the cause to a commissioner for the purpose of taking testimony upon points not raised by the bill, but utterly beyond its real and avowed object, such as the ascertainment of all the liens upon all the lands of Eichelberger, when only the liens on the "*Federal Hill*" tract were concerned in the case, as presented by the bill; for no matter how proper such investigation would have been under a different state of pleadings in the cause, it was inequitable to vex the

debtor with such a reference in this instance, because no decree could properly be based upon the report, when made.

Whilst it is true, that "a rigid and technical construction of bills and proceedings in equity" is exploded in favor of substance (*Mayo* v. *Murchie*, 3 Munf. 384), a party will not be allowed, even in equity, to recover upon a case proved, essentially differing from that alleged in the bill. (*Anthony* v. *Leftwich*, 3 Rand. 263.) And "although the plaintiff should make out in evidence a good case, which under other circumstances would secure the interposition of the court, yet if it be not the very case made by the bill, it will not support the bill:" (*Jackson's assignees* v. *Cutright, &c.*, 5 Munf. 314.); 2 Rob. Pr. (old) 287–8, also Rorer on Jud. Sales 374. In the case before us the bill was filed by Daniel B. Lucas, the substituted trustee in two deeds of trust, and Charles H. Baugher, the holder of several bonds secured to be paid in said deeds of trust, the first of which deeds was executed by one George Eichelberger, on the 24th day of March 1848, and conveys certain real estate of one hundred and ninety-five acres, the equity of redemption in which was afterwards purchased by George W. Eichelberger, the appellant in this case, and is included in what is known in this record as his '*Federal Hill farm*.' The second deed of trust was executed by said George W. Eichelberger and wife, on the 15th day of April 1871, and conveys the whole of the *Federal Hill tract*, including the one hundred and ninety-five acres, conveyed in the said first deed of trust. The amounts due on the bonds, when the suit was instituted, and secured to be paid in these deeds of trust respectively, were a balance of $1,877.67, secured in the first deed of trust, and $500.00 of interest in the second deed of trust, the principal secured in the second deed not being then due. Complainants in their bill allege the execution of the two deeds of trust; the fact that the tract of land conveyed in the first deed was largely more than sufficient to pay the

1877.
August Term.

Baugher
v.
Eichelberger.

balance due under that deed, and that the deed failed to provide for the sale of less than the whole tract ; the appointment of D. B. Lucas as substituted trustee in both deeds ; the execution of the bonds and the amounts respectively due ; and then allege the execution of three other deeds of trust by said George W. Eichelberger and wife, upon separate parcels of land to other parties, all of which however are included in the tract known as Federal Hill. After having set out these specific liens, complainants further allege, " besides the lien upon the lands, or the equity of redemption in the lands, conveyed by the said George W. Eichelberger and wife as aforesaid, to secure the two debts of $1,877.66 and $5,000.00, with the interest thereon, due to your complainant, Charles H. Baugher, sundry persons have obtained judgments against him, said George W. Elchelberger, " &c., * * which are " liens upon the *said land*, or the equity of redemption therein. "

A list of these judgments, with the amounts and date thereof, and the names of the plaintiffs therein, and also the deed of March 1848 and deed of May 1871, were made exhibits as part of the bill, and the trustees and *cestui que trust* and the said judgments leinors were made parties, and summoned to answer the bill.

The plaintiffs then pray that, " a decree may be rendered by this court, convening all of the *said lien creditors* of the said George W. Eichelberger before one of its commissioners, in order that their respective debts may be ascertained and audited, in the order of their priorities ; and appointing your complainant, the trustee in said deeds of the 24th of March 1848 and the 15th of May 1871, a special commissioner to sell lands conveyed by said deed, or so much thereof as may be necessary to pay the debts due to your complainant Charles H. Baugher, with the interest accrued thereon, and directing said commissioner to pay the proceeds of said sale to your said complainant, and that said plaintiffs may have such other and further relief in the premises, as the court may see fit to grant. "

The bill was not answered by any of the defendants, but as appears from the decree of November 10, 1873, was taken for confessed as to all the defendants.

On the 10th day of November 1873, the cause was heard upon the bill and exhibits, upon consideration whereof, the court appointed four commissioners, any three having power to act, and directed them as follows: " To go upon the said tract of land, described in the bill as ' Federal Hill,' and from the one hundred and ninety-five acres' part thereof conveyed by  *  *  *  *  the deed of the 24th March 1848, filed as plaintiff's Exhibit A., they  *  *  *  *  proceed to lay off by proper metes and boundaries, so much of the said tract of one hundred and ninety-five acres as will be sufficient in their opinion, when sold for cash at public auction, to pay off and discharge the balance of $1,867.67, with interest thereon till paid, secured by the said deed of trust of the 24th March 1848; and the said commissioners are further instructed in executing the above instruction, to select such part of the one hundred and ninety-five acres, as will affect least injuriously the value of the remainder of said ' Federal Hill ' tract ; and they are further instructed to report their proceedings to the next regular term of this court. "

The said commissioners reported to the court under said order, that they had set apart five acres and thirty-two perches, which in their judgment, with the improvements thereon, would sell for enough to discharge the $1,867.67, with the interest ; and that the part selected would " affect least injuriously the value of the remainder of said ' Federal Hill ' tract." The report, as appears from an order in the cause, of April 30, 1874, was filed March 17, 1874, without exceptions, but was not acted upon by the court.

It is argued by the appellant, that all that the court could do in this cause, was to have confirmed that report, and directed the sale of the five acres and thirty-two perches, thus laid off, to pay the complainant's debt, " the bill being intended only to enforce that debt."

1877.
August Term.

Baugher
v.
Eichelberger.

As the decree appointing said commissioners and the report of said commissioners designate only the debt of $1,877.67, with its interest, it is understood from the argument and assignment of error, that the appellant refers to the same debt. But the complainant sets up another claim, viz: $5,000.00, evidenced by two bonds, one of $3,000.00, the other of $2,000.00, dated April 15, 1871, and payable, each of them, five years after date, with interest from date at the rate of ten *per centum per annum*, payable semi-annually, secured by deed of trust, of same date as the bonds, on the whole of said Federal Hill tract, and which stipulated that, "if default was made in the payment of said bonds or either of them, or the interest thereon as it became due according to the stipulations on the face of said bonds, it should become the duty of the said trustee, he being thereto required," &c., " to proceed to sell the said tract of land, or so much thereof as might be necessary, at public auction for cash," &c. The bill alleges default in the payment of the interest on said debt, there being due April 1, 1873, " $500.00, the interest on said debt for the year preceding, with the interest which has since accrued, which yet remains unpaid." The bill then alleges as before stated, the existence of certain deeds of trust and judgments that are prior liens to the said trust deed on said Federal Hill tract, and prays that a decree may be rendered convening *all of the said lien creditors*," " that *their* respective debts may be *ascertained* and *audited* in the order of *their priorities*," and that a commissioner be appointed " *to sell the lands conveyed* by said deed, or so much thereof thereof as may be necessary to pay the *debts due* Baugher."

The object of the bill is therefore not merely to enforce payment of the balance due on the trust of March 24, 1848, but also to enforce the trust of April 15, 1871, so far as default had been made at the time of filing the bill. As to the trust of March 24, 1848, had it been the only claim and lien of Baugher on the one hundred and ninety-five acres, part of the " Federal Hill " tract, it

being prior to all other liens thereon, it would not have been necessary to have filed a bill in equity by Baugher or his trustee to marshal the liens. That was a matter that more closely concerned subsequent lienors. It was to their interest to see that the land was not sacrificed in the enforcement of Baugher's first lien. But the bill alleges that the said one hundred. and ninety-five acres of land greatly exceeded in value the balance of Baugher's claim under said trust of 1848, and "there being no power in the deed authorizing the trustee to sell less than the whole tract," the trustee would undoubtedly have had the right to have asked the interposition of the aid of a court of equity, to set apart a portion of said land sufficient to have paid that amount. The bill however was not framed for that purpose. Baugher having also the claim and lien on the whole of "Federal Hill" tract under the trust deed of April 15, 1871, which was subsequent to other liens, he filed this bill for the enforcement of both liens. He could not have sold under the last said deed without having first ascertained the liens, their amount and priority, that existed on the whole of the "Federal Hill" tract; hence he filed his bill for that purpose.

His bill was therefore, a single creditor's bill against all lienors on the "Federal Hill" tract, but was not a general creditors' bill, such as would have called for marshaling all the lien debts existing upon all the lands of Eichelberger. Having for its object therefore a definite purpose, the enforcement of his specific claims on a certain tract of land, the "Federal Hill" tract, the complainants could have a decree touching only the object of the bill; but the court, by the latter part of said decree of November 10, 1873, ordered and decreed that this cause be referred to commissioner Cleon Moore, to audit and settle the following accounts: First, an account showing *all the debts due by the defendant* George W. Eichelbeger, to secure which, deeds of trust have been given or judgments obtained, and *which are valid and*

*subsisting liens upon his lands*: the amounts of said debts: the persons to whom due: and the priority of said liens respectively, distinguishing between the liens by deeds of trust and those by judgments; second, an account showing the *quantity and annual and fee-simple value of all the lands of the said defendant*, George W. Eichelberger, which are subject to said liens, and the different parcels of the land conveyed in each trust respectively; and that he report the said accounts, with any matters deemed pertinent by himself, or which any of the parties may require to be specially reported, to this court at its next regular term."

Certainly the bill did not ask the court to direct an account " of *all the debts due* by defendant," nor of the " *subsisting liens upon his lands*," nor the " *quantity and annual and fee-simple value of all the lands*," of defendant. On the contrary the inquiry, as to those matters, was plainly limited by the bill to the " Federal Hill " tract and the liens thereon. The bill not intimating such a scope, the decree should not have ranged so far ; because, as has been before intimated, the parties interested not being apprized of so great a scope, but relying on the essential inquiry as made by the bill, may thus be taken by surprise, and not collect testimony to meet the commissioner's inquiry ; and besides, " it is inequitable and error to vex the parties with such a reference, when no decree could properly be based upon the report when made." The decree in that respect and to that extent is erroneous; and the subsequent decree, that of November 17, 1874, which re-commits the matter of the reference to said commissioner Moore, is consequently for the same reason erroneous ; and said report having been based upon the authority of that erroneous part of said decree, the decree of April 28, 1875 confirming said report, and decreeing the sale of Eichelberger's lands, as ascertained by said report, is also erroneous. Therefore I am of opinion that the said decrees of April 28, 1875 and November 17, 1874, should be reversed ; and that so much

of said decree of November 10, 1873, as refers the taking of said account to commissioner Moore, for the purposes therein stated, should also be reversed. But, if it is true, as it now appears to be from the report of said Moore, upon which the court based its decree, that the whole of said debt, secured by the trust of April 15, 1871, is now due; and that in addition thereto, said Baugher has also a judgment lien on all the lands of Eichelberger; and that the " Federal Hill " tract is not sufficient to pay all the liens thereon ; is not in fact sufficient to pay off the judgment liens that are prior to the trust of April 15, 1871 ; and that Eichelberger has lands, other than the " Federal Hill" tract, upon which all those judgments are existing liens ; and the judgment lienors thus having two funds to which they may resort, whilst Baugher has but one, so far as his trust liens are concerned, it may be right that the prior judgment lienors should first be made to seek satisfaction of their claims out of the other lands of Eichelberger, so as to enable Baugher to have satisfaction of his trust debts out of the only fund he has a lien on, viz: the " Federal Hill" tract: *Conrad* v. *Harrison, &c.*, 3 Leigh 532; *Lewis, &c.* v. *Caperton's ex'r*, 8 Gratt. 148 ; it may also be right to convene all the lien creditors before a commissioner, that their respective debts may be ascertained and audited in the order of their priorities, and thus enable Baugher to ascertain the *status* of his judgment lien, if any exists, as it is intimated by said report. It therefore may be proper, upon the principle of after discovered facts and testimony, to permit complainants to file a supplemental bill, setting up those facts, and thus present to the court a cause that will enable the court to adjudicate it according to the rights of all parties interested, upon the well established principles of equity in such causes. Under the prayer for general relief, and especially as none of the parties have answered the bill, it seems to me, under the circumstances of this case, the complainants should be permitted to pursue that course if they desire it.

But as the case now stands upon the bill in its present shape, I do not think it was in the power of the court to proceed, as it has done against all the lands of Eichelberger; and as the bill is not filed for the benefit of all the creditors, but simply such creditors as have liens on the "Federal Hill" tract, and does not pray for a convention of all the creditors, I do not consider the cause similar to *Reynolds* v. *The Bank*, &c., 6 Gratt. 180; and I am therefore of opinion, that the court could not make the other creditors substantially parties by its reference to, and the proceedings before its commissioner. Nor is the case similar to *Duerson's adm'r* v. *Alsop*, 27 Gratt. 229, because the prayer of the bill in that cause was, " that an account of *all debts and liabilities* of said estate may be taken and the priorities fixed ; the amount and value of the real estate may be ascertained; and that all other accounts and orders, which are proper in the cause, may be taken and made, that the real estate of which Duerson was possessed at his death may be sold, or so much thereof as shall be necessary to satisfy the debt due the plaintiff; and for general relief." Now in the case before us, the prayer is for the convening of " *all the said* lien creditors," * * * " in order that their respective debts may be ascertained and audited in the order of their priorities," &c. The only lien creditors mentioned in the bill, were those who had liens on the "Federal Hill" tract hence the prayer was limited to them, and did not embrace all the lien creditors of Eichelberger ; nor did it comprehend all the lands of Eichelberger, as did the prayer in the Duerson case. The prayer in that case embraced " *all debts and liabilities,*" and the whole real estate ; and prayed that " all other accounts and orders which are proper in the cause may be taken and made," and for general relief. The court held in that case, that under that prayer "a decree for a general account may be entered, all the creditors permitted to come in and prove their debts, an order entered staying all other suits, and all assets administered

1877.
August Term.

Baugher
v.
Eichelberger.

in the one suit; and that the bill was "therefore substantially a creditors' bill, although it does not profess to be filed in behalf of all the creditors of the decedent."

But notwithstanding, that bill was by a single creditor for an account of assets, and the payment of his debt, yet as it called for a general account of the assets, for the ascertainment and settlement of all debts and liens and their priorities, thus substantially seeking a final and complete relief for all creditors and lienors upon the whole estate in the one suit, and thus avoiding a multiplicity of suits; it was substantially a general creditor's bill, sufficient to justify the ordering of a general account through its prayer; and in that respect differs from the cause before us.

Having this view of the cause, I am therefore of opinion that the bill in this case is not sufficient in its allegations and prayer, to justify the court in decreeing as it has done; and that said decrees should be reversed with costs, and the cause remanded to the circuit court of Jefferson county, to be proceeded in according to the principles indicated in this opinion, and the rules of equity, with leave to the complainants to file a supplemental bill if they so desire.

DECREES REVERSED and cause remanded.