WHEELING.

BIER, ADM'R *v.* SMITH *et als.*

Submitted January 30, 1885.—Decided April 25, 1885.

1. The allegations of the bill must correspond with the proof; and a decree based on a different case from that stated in the bill will be reversed. (p. 837.)

2 Where a contract of sale of real estate is not by deed, and no conveyance has been made, a vendee can recover back in an action

of *assumpsit* what he has paid on the contract, when the conditions have failed, or the contract has been rescinded, or the vendor refuses to comply with his part of the contract ; and in such case equity has no jurisdiction    (p. 837.)

3.  If a specific performance or rescission of a contract for the purchase of land is sought after the death of the vendee, the heirs and not the personal representative must bring the suit.   (p. 837.)

4.  If A. has purchased a tract of land from B. and executed his notes for the purchase-money and a deed of trust on the land to secure B., and then sells the land to C. with the agreement, that C. shall take up the notes as they become due, and C. does take up the first note, he stands in the shoes of A. and not B., and can not be subrogated to the rights of B. in the trust-deed ; for the note is paid, and the debt to that extent discharged.   (p. 838.)

5.  Where a decree is reversed, because it is founded on matters not stated in the bill, and it appears upon the record, the bill can not be amended so as to justify any decree thereon, the appellate court on reversing the decree will dismiss the bill.   (p. 838.)

The facts of the case are stated in the opinion of the Court :

*J. A. Hutchinson* for appellants.

*R. Patterson* for appellee.

JOHNSON, PRESIDENT :

W. E. Bier, late sheriff, administrator of George L. Smith, deceased, filed his bill in the circuit court of Pleasants county, in which he alleged, that his intestate, George L. Smith, by verbal agreement had purchased two certain tracts of land of the defendant, John E. Smith, and that he was in peaceable possession of said tracts of land at the time of his death in 1875; that after the death of said George L. Smith the said John E. Smith forcibly took possession of the same and ejected the widow and heirs therefrom; that afterwards, on the 26th day of March, 1877, the said John E. Smith sold one of said parcels of land, to-wit : fifty three and one half acres to one Joseph Hubbs together with some sixty six and one fourth acres of land adjoining for the sum of $1,600.00 in hand paid; that George L. Smith had paid on the purchase of the said fifty three and one half acres of land $500.00 ; that a deed of trust had been written out by the attorney of said John E. Smith showing the contract and description of

the land, as well as the price to be paid, &c., and the exhibit is filed with the bill; that on the other tract he had paid $600.00. The bill charges, that plaintiff is entitled to receive said sums of money as personal assets belonging to the estate. He charges, that Joseph Hubbs, who purchased said fifty three and one half acres of land, purchased it with full knowledge of said contract of purchase; that there was not more than $464.00 due on said land at the date of the death of said George L. Smith, and that said land would have sold for a larger sum than necessary to have paid said balance. The bill alleges, that said Hubbs is dead, and sets forth the names of his heirs. The bill further alleges, that plaintiff is advised, that he as the personal representative of George L. Smith "has a right to come into a court of equity to have the said contract for the purchase of the said fifty three and one half acres of land so purchased by the said Joseph Hubbs set aside, the land sold to pay the balance due thereon to the said John E. Smith from the said George L. Smith, deceased, and any balance that should remain to be assets to pay debts of G. L. Smith deceased, or to have a decree for the money paid thereon by the said George L. Smith in his lifetime, to-wit: the sum of $500.00 and the interest, to be assets in your orator's hands to apply to the creditors of the said George L. Smith deceased."

The bill makes defendants, the said John E. Smith, the widow and heirs of George L. Smith, and the widow and heirs of Joseph Hubbs, deceased. The prayer of the bill, which is as remarkable as the residue thereof, is, that the Court will decree "the sale made by the said John E. Smith to the said Joseph Hubbs to be fraudulent and void, or that the said Smith do pay your orator as the personal representative of said George L. Smith, deceased, the said sum of $500.00 so paid by the said George L. Smith, deceased, in his lifetime, as a payment on said fifty three and one half acres of land, together with interest thereon from the 26th day of March, 1877, until paid, and, if the same is not paid on that day, that the said fifty three and one half acres of land be sold to pay the same after paying the balance of the original purchase-money, and grant to your orator such other and general relief as to equity is right, and the nature of the case requires, &c."

There is no description of either tract of land claimed to have been purchased except in the exhibit referred to in the bill, which is a draft of a deed from John E. Smith and wife to George L. Smith for fifty three and one half acres of land ; also a draft of a deed of trust from George L. Smith and wife to John E. Smith to secure the purchase-money-notes of $321.33⅓ each. None of these papers were executed, but, as the proof shows, were prepared at the request of parties by W. W. Hall.

John E. Smith answered the bill. He denies, that he made the contract set forth in the bill, and avers, that the real transactions between him and George L. Smith were as follows: In 1874 respondent purchased of R. T. Parker a tract of 119 acres of land in said county of Pleasants, and to secure the unpaid purchase-money on the same, he executed a deed of trust thereon. Said G. L. Smith agreed to take seventy nine and one half acres of said land at the same price per acre which respondent had agreed to pay Parker therefor ; and said G. L. Smith was to take respondent's place and pay the said purchase-money due on said land to said Parker, and pay off and discharge the purchase-money-notes given to Parker, as they should become due ; and respondent was to be released therefrom. At the same time the said George L. Smith agreed to purchase the home-farm of respondent containining about thirty two acres, and as consideration therefor he was to pay off and discharge a certain deed of trust thereon, which respondent had executed to one Jacob Hendershot, amounting to $1,268.00 and also pay respondent $100.00 for the bargain; and when said G. L. Smith had paid off the first note due to Hendershot, respondent was to make him a deed for his equity of redemption therein. This contract was separate and distinct from the contract with reference to the Parker land. He placed said G. L. Smith in possession of said land, which he occupied for about two years. Said G. L. Smith paid respondent $25.00 in money and gave him a young colt, but paid no part of the money due Hendershot.

Respondent does not know how much, if any, money was paid by said George L. Smith to R. T. Parker or his assignee, but believes it was less then $500.00, and that he never did pay off the Parker notes and never became entitled to a conveyance

of the seventy nine and three quarter acres of land. He denies all fraud and says that after the death of said G. L. Smith his widow married, and the family was broken up and surrendered possession to respondent subject to the unpaid liens on the land. He denies that he sold to Joseph Hubbs a tract of fifty three and three quarter acres of land as alleged in the bill, but avers that he conveyed all his interest in the 119 acres of land to Hubbs, which was then subject to the Parker trust, and denies that Hubbs paid him $1,600.00 for said land, but avers that he simply paid the debt due to Parker.

The first decree was rendered on the 18th day of March, 1881, and the court announced therein the opinion, "that the plaintiff is not entitled to have a specific execution of the said contract; but the court is of opinion that the plaintiff is entitled to recover of the defendant, John E. Smith, the amount of purchase-money paid by the said George L. Smith in his lifetime to the defendant, John E. Smith, on the Parker land, mentioned and described in the papers of this cause, with interest thereon from the date of the payment of the said purchase-money, subject to a fair rent for the use and occupation of the said land, after deducting any and all permanent improvements made on the said land by the said George L. Smith," &c., and referred the cause to a commissioner, to ascertain the amount paid to or for the said John E. Smith on the Parker land, the amount and value of permanent improvements and the rents of said land.

The commissioner ascertained that " on the 26th day of April, 1875, George L. Smith paid for the use and benefit of the defendant, John E. Smith, to W. W. Hall, attorney for W. G. H. Core, who was assignee of R. T. Parker the original vendor of the tract of land known as the Parker land in this suit, purchased by the said George L. Smith deceased, from John E. Smith, the vendee of R. T. Parker, the sum of $493.93." He also found the value of permanent improvements and the rental value of the land, &c. There were a number of exceptions endorsed on the report of the commissioner. A large number of depositions were taken, mostly on the question of improvements and annual value of the land.

On October 11, 1883, the final decree was entered. After disposing of exceptions to depositions and to the report of

the commissioner, all of which exceptions were overruled, the report was confirmed, and the decree proceeds: "And it further appearing to the court that the said sum of $713.17 was for money paid by said Geo. L. Smith, deceased, in payment of the first note of said J. E. Smith payable to R. T. Parker on the original purchase of the 119 acres of land mentioned and described in plaintiff's said bill and also in the said deed of trust executed by said J. E. Smith to W. W. Hall, trustee, to secure to said Parker the payment of said first note with others, a certified copy of said trust-deed hereby being filed with the papers of this cause with J. E. Smith's answer; and it further appearing to the court, that said note had been assigned by said Parker to one W. G. H. Core, who had placed said note in the hands of said W. W. Hall, trustee, for collection; and it further appearing to the court, that said money aforesaid had been paid to said W. W. Hall, trustee for said John E. Smith, in payment of said first note; and it appearing to the court, that afterwards the said John E. Smith took possession of said land aforesaid without having given the heirs and creditors of said George L. Smith an opportunity in equity to redeem the said land, but sold the same at private sale to one Joseph Hubbs without refunding to said heirs or creditors or the administrator of the estate of George L. Smith the money so paid upon said first note; and it further appearing to the court, that the said Hubbs was fully informed of the payment aforesaid of the money on said note of the said George L. Smith to W. W. Hall, trustee, to said John E. Smith upon the note aforesaid, and also informed of the verbal contract of sale of said land in the bill mentioned by said George L. Smith from the said John E. Smith, long before the said Joseph Hubbs had purchased the said 119 acres of land as mentioned in the plaintiff's said bill and also in said deed of trust of said J. E. Smith to said Hall, trustee, the court is further of opinion that the said W. E. Bier administrator of the estate of George L. Smith, deceased, is entitled to be subrogated to all the rights and equities of the said R. T. Parker in and to the lien of the said deed of trust executed by the said J. E. Smith to W. W. Hall, trustee, to secure the payment of the said first note so paid by the said George L.

Smith, deceased, to said W. W. Hall, attorney of W. G. H. Core, to be assets in his hands belonging to the estate of the said George L. Smith, deceased, it is therefore adjudged, ordered and decreed, that the said W. E. Bier, administrator of the estate of George L. Smith, deceased, recover of the defendant, John E. Smith, the sum of $713.17, with interest thereon from October 9, 1882, until paid, to be assets in his hands belonging to the estate of George L. Smith, deceased, and the costs of this suit. It is further adjudged, ordered and decreed, that the said deed of conveyance made by the said John E. Smith and wife to Joseph Hubbs is void as to the said sum of $713.17, so found to be due the estate of the said George L. Smith, deceased, and that the same is a valid lien on said land so sold and conveyed to said Joseph Hubbs, deceased. The decree further provided, that unless the said J. E. Smith, or some one for him paid said sum, interest and costs within thirty days, that the said real estate should be sold, &c.

From this decree an appeal with *supersedeas* was granted said J. E. Smith and Joseph Hubbs's heirs.

Nothing is more clear than that the said decree is erroneous and must be reversed. The bill in a vague and indefinite manner alleges, that George L. Smith purchased by verbal contract two tracts of land. One is not described at all, the other is described as a tract of fifty three and one half acres; but it is not described otherwise than by certain exhibits filed with the bill, which have been referred to in the statement; and there is no proof, that a purchase of fifty three and one half acres was ever completed. The bill does not ask for a specific performance of the contract but charges, that said George L. Smith paid $500.00 on the purchase of the tract of fifty three and one half acres and afterwards died, and that then said John E. Smith ejected the widow and heirs from the tract of land, and then sold it to one Joseph Hubbs, who had notice of the former sale, and prays that the sale to Joseph Hubbs be decided fraudulent and void, *or* that said Smith do pay to him the said $500.00 with interest, *and*, if not paid, that the said land be sold to pay the same. The decree is based upon another case entirely. It assumes that the contract was for the purchase of a tract of 119 acres, on

which said John E. Smith had executed a deed of trust to R. T. Parker, of whom he had purchased it, and that George L. Smith had paid the first purchase-money-note, secured in said deed of trust, and then without saying anything about the terms of the purchase proceeds to declare, that plaintiff is entitled to be subrogated to the rights of R. T. Parker as to the said first note, and that the amount thereof was a lien on the 119 acres of land, which was chargeable therewith in the hands of Joseph Hubbs's heirs, whose ancestor had notice of the transaction.

The allegations of the bill and the proof must correspond, and a decree based on a different case from that stated therein will be reversed. *McFarland* v. *Dilly*, 5 W. Va. 135 ; *Baugher* v. *Eichelberger*, 11 W. Va. 217 ; *Floyd* v. *Jones*, 19 *Id.* 359 ; *Lamb, trustee* v. *Laughlin, supra*, 300.

The decree for this cause will have to be reversed. ·

Should the plaintiff be permitted to amend his bill ? We held in *Kelly* v. *Riley*, 22 W. Va. 247, that where by reason of fraud of the vendor in misrepresenting the *quantity* of land sold the vendee is entitled to compensation or abatement from the purchase-money on account of *deficiency in the quantity* of land, courts of equity and courts of common law have concurrent jurisdiction to grant relief. But this case cannot be brought within this principle. Where the contract of sale is not by deed, and no conveyance has been made, the vendee can recover back in an action of *assumpsit* what he has paid on the contract, when the consideration has failed, or the contract has been rescinded, or the vendor refuses to comply with his part of the contract. (*Thompson* v. *Gould*, 20 Pick. 134 ; *Scurfield* v. *Gowbund*, 6 East 241 ; *Clafflin* v. *Godfrey*, 21 Pick. 9 ; *Judson* v. *Wass*, 11 Johns. 527 ; *Brockenbrough* v. *Ward*, 4 Rand. 352.) If, as claimed by the plaintiff, there was no fault of Geo L. Smith, and John E. Smith without giving the heirs an opportunity to pay the purchase-money sold the land and thus put it out of his power to comply with his contract, then he had an adequate remedy at law, and a court of chancery had no jurisdiction. If however a specific performance of the contract is asked, the heirs and not the administrator must bring the suit. (*Champion* v. *Brown*, 6 Johns. ch. 401.

If it is true, as averred in John E. Smith's answer, that the verbal contract was, that George L. Smith, was to stand in his shoes as to seventy nine and three quarter acres, and was put in possession thereof, and was to pay Parker the notes as they fell due, and under this contract he paid the first note, it was just the same as if John E. Smith had paid it, and the debt due to Parker was to that extent *discharged*, so that George L. Smith upon the payment of that note, under the alleged contract, was not entitled to be subrogated to the rights of Parker in the deed of trust, he stood in John E. Smith's shoes not Parker's. If John E. Smith put it out of his power to comply with his contract, George L. Smith could in an action of *assumpsit* recover of him what he had paid on the contract, or the heirs could bring suit for specific performance of the contract. In any view of the case from this record, we can not see how the bill can be amended. The decree of the said court is reversed and the bill dismissed.

Reversed. Dismissed.