# CHARLESTON.

## KANAWHA LODGE, &c. *et al.* v. SWANN, *et al.*

Submitted November 26, 1892.—Decided December 3, 1892.

· 1. CROSS-BILL—ANSWER—PLEADING.

Under section 35 and 36 of chapter 125 of our Code an answer calling for affirmative relief has the same effect as a cross-bill.

2. CROSS-BILL—ANSWER—PLEADING.

There is a distinction between a cross-bill merely defensive in its character and one which seeks affirmative relief. In the former no new parties can be introduced; in the latter they may be, if the ends of justice so require.

3. APPEAL—INTERLOCUTORY DECREE—PRACTICE.

Interlocutory decrees can not be appealed from except in cases provided for in section 1 of chapter 135 of the Code; and an order referring the cause to a commissioner in chancery to make an account is, in general, not an appalable decree.

*J. S. Swann* for appellants cited Code (1891) c. 96, s. 7; 21 W. Va. 247; Code (1891) c. 125, s. 35; 19 W. Va. 176; Code (1891) c. 96, s. 60.

*Flournoy & Price* for appellees:

I.—*Decrees complained of are not appealable.*—Code (1891) c. 135, s. 1; 15 W. Va. 479; 21 W. Va. 21; 27 W. Va. 215; 29 W. Va. 131; *Id.* 276, 283.

II.—*Former Practice as to Cross-Bills.*—6 Dan. Ch'y Pl. & Pr. 1744; Perk. Ch'y (1st Am. Ed.) 31; 10 Paige 319, 322.

III.—*Cross-Bill must be confined to same matters as original bill.*—22 W. Va. 70; 14 W. Va. 637; 23 W. Va. 760; 21 W. Va. 234, 247; 17 W. Va. 901; Sto. Eq. Pl. §§ 389, 631.

IV.—*New parties can not be brought in by Cross-Bills.*—14 W. Va. 682; 21 W. Va. 250; 17 How. 130, 145; 31 Miss. 332; 48 Miss. 368; 61 Miss. 32; 54 Ala. 688; 50 Miss. 380; 2 N. J. L. Jour. 171; 1 Tenn. Ch'y 405.

V.—*Defendant may have same relief under answer as filed, as*

*he could have had under Cross-Bill.*—Code (1891) c. 125, s. 35; 19 W. Va. 168, 175 *et seq.*; 21 W. Va. 234; 6 W. Va. 168; 10 W. Va. 35, 41, 42.

VI.—*Appellant has not been prejudiced and con not appeal.*— 15 W. Va. 804; 7 W. Va. 32, 52; 53; 30 W. Va. 359; 32 W. Va. 567.

VII.—*State of Pleadings did not justify filing Cross-Bill.*—11 W. Va. 342.

VIII.—*Can judgment be attacked for usury, when adequate defence at law?*—19 W. Va. 114, 115; 10 Pet. 497; 6 W. Va. 79; 15 W. Va. 434; Id. 597; 34 W. Va. 672.

LUCAS, PRESIDENT:

The First National Bank of Gallipolis, a resident of Ohio, filed its bill of complaint at March rules, 1890, against T. B. Swann, Mary Swann, his wife, and sundry creditors of said T. B. Swann. This was an ordinary creditors' suit, and the object of the plaintiff was to enforce the lien of the judgment which it had obtained against said Swann by enforcing its lien against his real estate, of which he possessed a considerable amount. In addition to the ordinary scope of a creditors' bill, the object of the suit was to set aside sundry conveyances made by said Swann to trustees for the benefit of his wife, upon the ground that the same were voluntary and with intent to delay, hinder and defraud.

Subsequently the Kanawha Lodge No. 25 Independent Order of Odd Fellows, in November, 1890, instituted suit against Thomas Swann and sundry creditors of his to enforce a specific lien against a specific piece of property situated in the city of Charleston, against which it claimed a specific lien by virtue of an unrecorded agreement.

Swann answered the respective bills, filing substantially the same answer to each, and treating both as creditors' bills, although the one last instituted was not of that character and would not have called for a general order of reference. *Baughter* v. *Eichelberger*, 11 W. Va. 217. The answer of Mr. Swann demanded affirmative relief, and was the equivalent of a cross-bill, inasmuch as it asked the discovery of the defendants, which is the proper subject of a cross-bill. 1 Pom. Eq. Jur. § 198, note 4. Upon the filing

of such cross-bill, it is usually proper to stay proceedings, until the same is answered and complete discovery made. In this case such a course was not pursued, but the court proceeded to a decree after having heard the two cases together.

The respondent Mr. Swann complains of the decree or order filing his answers, because in said decree there is taken a very fanciful distinction, and one not recognized by our Code, between a cross-bill and an answer with a prayer for affirmative relief. Under our Code there is no such distinction, or at least none which would have applied to the pleadings in this case. See Code 1891, c. 125, ss. 35, 36. By section 35 an answer asking affirmative relief has the same effect as a cross-bill, and, if such an answer be filed, the statute expressly declares that the respondent shall not file a cross-bill for the same purpose. Nothing more need be said upon the objections to this interlocutory decree, as further discussion would be only a waste of time.

The form of this cross-bill answer is objected to by the appellees, on the ground that it introduces new parties. The objection is not well taken. The *dictum* of Judge GREEN in the case relied upon by appellees (*McMullen* v. *Eagan*, 21 W. Va. 250) is based upon the case of *Shields* v. *Barrow*, 17 How. 145. In the other case cited by counsel for appellees (*West Virginia O. & O. L. Co.* v. *Vinal*, 14 W. Va. 682) Judge HAYMOND doubts the propriety of the rule, or rather cites an authority in which a contrary view is expressed.

In truth, the latter cases draw a very just and proper distinction between a cross-bill merely defensive in its character and one which seeks affirmative relief. In the former no new parties can be introduced; in the latter they may, if the ends of justice so require. It seems to be settled, notwithstanding the *dictum* of Judge CURTIS in *Shields* v. *Barrow*, that new parties may be added by a cross-bill which is filed for affirmative relief. Story, Eq. Pl. (Ed. 1889) § 399, note *a*; *Briscoe* v. *Ashby*, 24 Gratt. 454. In the present case, however, the cross-bill answer did not suggest any new parties except two, by name J. H. Brown and Benjamin Brown, and from the allegations of the respondent himself it is quite apparent that they ought not to be introduced into the cause.

Another interlocutory decree was entered on June 26, 1891, and from that the appellants seek an appeal, and the question is whether it is an appealable decree. It is claimed to be such because it "adjudicated the principles of the cause." Code 1891, c. 135, § 1. So far as the record shows, no demurrers were entered to the bills in either case, and the exhibits and answers induced the Circuit Court to make an order of reference.

As to the propriety of this order at this stage of the proceedings we are not called upon to decide; the only question for us is to ascertain whether it adjudicated the principles of the cause. We are of opinion that it neither settled nor adjudicated any principle whatever, and that the decree is interlocutory merely, and could not be brought into review by this Court. The Circuit Court, notwithstanding this order of reference, might dismiss one or both bills, without the slightest regard to this interlocutory decree, or any proceedings had thereunder. The Circuit Court has merely designated an officer to make certain inquiries and reports for its own guidance, and upon the final hearing it may or may not be influenced by the interlocutory decree complained of, and hence any action upon our part, by way of review or interference, would be totally uncalled for and unauthorized. *Shirey* v. *Musgrave*, 29 W. Va. 131 (11 S. E. Rep. 914); *Hooper* v. *Hooper*, 29 W. Va. 276 (1 S. E. Rep. 280).

Appellants complain of irregularity in the action of the court below in hearing these causes at an adjourned term, but there is nothing in the record which would enable us to determine any question raised with respect to the character of the terms, or the names of the judges who acted. The two causes were properly heard together, and the Circuit Court, being asked, as it is claimed by counsel, to abate or stay proceedings in the suit last brought, has effectually done so, to the manifest benefit of the appellants, by hearing them together, and having but one order of reference executed. The appeal must be dismissed as improvidently awarded.

APPEAL DISMISSED.