Isabelle K. Arnold et al., Appellants, *v.* George A. Green, Respondent.

Where one, who pays a mortgage upon land in which he has an interest, stands in such a relation thereto that his interest, whether legal or equitable, cannot otherwise be adequately protected, the transaction will be treated in equity as an assignment, and he is entitled to enforce it for his own reimbursement and the protection of his interest.

Defendant was the owner of land subject to a mortgage, for the payment of which he was not personally liable; he contracted to sell the land to A., one of the plaintiffs, subject to the mortgage. Prior to the time of the performance of the contract the mortgage became due; the holder refusing to assign it, defendant paid it and received and recorded the satisfaction thereof, and upon a tender by the vendees of the purchase-price and interest due thereon and on the mortgage, refused to convey. In an action brought to compel a specific performance of the contract, *held*, that a judgment was proper granting the relief, with the condition, however, that the mortgage be reinstated, its discharge canceled of record and defendant subrogated to the rights of the mortgagee at the time of its payment; and that plaintiffs have three months after entry of judgment or the final determination of any appeal to pay or procure a purchaser of the mortgage and that defendant pay costs; that the payment of the mortgage did not satisfy its lien, but defendant then became the equitable assignee of the mortgage and was entitled to enforce it for his own reimbursement and the protection of his interest in the land; but that, as it appeared that his method had been underhanded and not simply a fair effort to protect his property, this gave the court jurisdiction to require him to so handle his security as not to impair the plaintiffs, and therefore to defer for a reasonable time the enforcement of the mortgage; that plaintiffs seeking equity from defendant must do equity.

(Argued October 31, 1889; decided November 26, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made at the March Term, 1886, which modified, and as modified, affirmed a judgment in favor of plaintiffs, rendered on a decision of the court on trial at Special Term.

This was an action to compel the specific performance of a contract to convey land.

On the 11th of July, 1879, the defendant entered into an agreement with Isabelle K. Arnold, one of the plaintiffs, whereby he covenanted to convey to her one hundred and ninety acres of land, known as the Arnold homestead, in the town of Mt. Morris, Livingston county, " subject to all existing liens now on said property," upon the payment by her of the sum of $1,400, with interest thereon payable semi-annually, together with interest on the incumbrances then existing on said farm and the taxes thereon, all of which she duly agreed to pay on her part. The liens existing on the premises at the date of said contract were (1), a mortgage dated April 17, 1877, given by Russell G. Arnold to William A. Wadsworth to secure the payment of $6,000, in three years with semi-annual interest, no part of which had been paid when this action was commenced, except the interest up to April 2, 1883 ; and (2), a decree in the Surrogate's Court of said county for the payment of the debts of Ashbel Arnold, deceased, a former owner of said land, amounting to the sum of $527.47 with interest from February 21, 1881. This decree was a charge upon the land subsequent to the Wadsworth mortgage, but prior to the interest of the defendant, who at the date of said contract was the owner of the equity of redemption. An appeal had been taken from said decree and was pending at the time of the trial. The plaintiff, Susie K. Arnold subsequently, by assignment, acquired an interest in said land contract upon which there is still unpaid the whole of the principal, besides interest from May 10, 1883. The plaintiffs have been in the possession of the premises since the date of the contract. On Saturday, December 8, 1883, the defendant demanded of the plaintiffs payment of the interest due on the contract, and was told that it would be paid by the middle of the following week. He gave them

until the next Saturday. They also informed him that they would get the money and pay him and that they should want a deed, to which he made no reply. On Monday, December eleventh, they told him that they would be ready at eleven o'clock to pay him and take a deed, and he said that he would be at home at that hour, but before it arrived he left Mt. Morris, where he resided, and went to the residence of said Wadsworth, at Geneseo, and proposed to pay said mortgage and take an assignment of it. Mr. Wadsworth refused to assign, whereupon the defendant paid him the amount of the mortgage, $6,231.50, and received a discharge of the same which he placed upon record. In the afternoon of the same day the plaintiffs offered to pay defendant the sum unpaid on the contract and requested him to give them a deed, but he refused. He, however, offered to sell the farm to the plaintiff, Isabelle, for the amount of the incumbrances thereon, provided she would "pay up to six or seven thousand dollars," and to give a deed and take a mortgage payable in six years. Said Wadsworth held the mortgage as an investment and had not called for the principal, and did not wish that it should be paid, but he had stated to the defendant that unless payments were promptly made he should proceed to collection. On several occasions the defendant had spoken to the agent of Mr. Wadsworth about unpaid interest, and had informed him that he wanted it kept up because he had some interest in it. On December 29, 1883, the plaintiffs made a formal tender and demand, but the defendant again refused and thereupon they brought this action to compel a specific performance.

The defendant by his answer claimed that he was the equitable owner of the Wadsworth mortgage and asked that it be adjudged a valid and subsisting lien upon the premises.

The trial court, after finding the facts substantially as stated, found as a conclusion of law that said facts constituted no defense or counter-claim to the plaintiffs' cause of action, and ordered judgment for specific performance and for conveyance by the defendant, "subject to all liens existing upon said

property on the eleventh of July, 1879, upon being paid the sum of $1,400, and interest thereon from May 10, 1883." Judgment having been entered accordingly, the defendant appealed to the General Term, which modified the decree by inserting therein, after "July, 1879," the following provision : "And particularly to the lien of the Wadsworth mortgage so-called, being a mortgage to secure the payment of the sum of $6,000, and interest thereon from April 21, 1883; that said George A. Green be declared subrogated to the rights of the mortgagee in said mortgage at the time of its payment and discharge, with the right to enforce the payment of the principal and interest due and unpaid thereon; and that the discharge of said mortgage, made by Wadsworth, the mortgagee, and recorded in the office of the clerk of the county of Livingston, be by said clerk canceled of record; that the defendant, on the plaintiffs' election at any time within three months after entering this judgment, or the final determination of any appeal taken in this action, on payment to him of the amount secured to him by said bond and mortgage as reinstated, be required to assign to such person or persons as the plaintiffs may direct all rights and interests taken by him under said Wadsworth bond and mortgage as reinstated, and that the plaintiffs have the same time in which to pay and satisfy said mortgage if they elect to pay the same."

*Lucius N. Bangs* for appellants. Green held the title simply as security for the payment of money to himself, and when that claim was satisfied his interest in the lands ceased. (*Frost* v. *Y. S. Bk.*, 70 N. Y. 553–557.) Subrogation is the creature of equity, and it will never be enforced against the superior equities of third persons. (1 L. C. in Equity, 118.) If the right of subrogation exists, it is no defense to this action. (1 Jones on Mortgages, §§ 874, 878; *Sanford* v. *McLean*, 3 Paige, Ch, 117–122; *Banta* v. *Garmo*, 1 Sand. Ch. 383; *Cole* v. *Malcom*, 66 N. Y. 363–366; *Twombly* v. *Cassidy*, 82 id. 155–159; *Bryant* v. *A. T. Co.*, 1 Daly, 575–581;

*Bancroft* v. *Abbott*, 3 Allen, 524; *Hun* v. *Van Dyke*, 26 Hun, 567, 572; *Swan* v. *Patterson*, 7 Md. 164; *Douglass* v. *Fagg*, 8 Leigh, 602; 92 N. Y. 660; *Burr* v. *Smith*, 21 Barb. 262; *Bk. of U. S.* v. *Winston*, 2 Brock. 254; *Herman* v. *Clarkson*, 64 N. Y. 171; *Wilkes* v. *Harper*, 1 id. 586; *Ellsworth* v. *Lockwood*, 42 id. 89.) The right of subrogation and assignment are inconsistent. (*Ellsworth* v. *Lockwood*, 42 N. Y. 89, 97; *Twombly* v. *Cassidy*, 82 id. 155, 160; *Frost* v. *G. S. Bk.*, 70 id. 553, 557; *Vandercook* v. *C. S. Inst.*, 5 Hun, 641; *Nat. Bk.* v. *Cushing*, 53 Vt. 231, 326; *Swan* v. *Patterson*, 7 Md. 164; *Bk. of U. S.* v. *Winston*, 2 Brock. 252, 254; *Bun* v. *Smith*, 21 Barb. 262; *Sanford* v. *McLean*, 3 Paige, 117–122; *Banta* v. *Garmo*, 1 Sand. Ch. 384; *Wilkes* v. *Harper*, 1 N. Y 586; *Douglass* v. *Fagg*, 8 Leigh, 588–602; 1 Jones on Mortgages, § 874; *Hugh* v. *A. L. Ins. Co.*, 57 Ill. 318; *Beaver* v. *Slanker*, 94 id. 175.) It is only in the cases where the person paying the debt stands in the relation of a surety, or is compelled to pay in order to protect his own interests, or in virtue of legal process, that equity substitutes him in place of the creditor. (*Richmond* v. *Marsten*, 15 Ind. 134; *Spring* v. *Rodman*, 43 id. 225; *McClure* v. *Andrews*, 68 id. 97; 1 Jones on Mortgages, § 874; *Bayard* v. *McGraw*, 1 Brad. 134; *Moore* v. *Burrows*, 34 Barb. 173–174; *Hathaway* v. *Payne*, 34 N. Y. 92–103; *Germond* v. *H. Ins. Co.*, 5 T. & C. 120.) Plaintiff's were simply bound to take the title subject to and charged with the Wadsworth mortgage. (*Matthews* v. *Aiken*, 1 N. Y. 595; *Twombly* v. *Cassidy*, 82 id. 155–159.) Suretyship or the enforcement of a prior claim is essential to the right to compel an assignment or to be subrogated. (2 Jones on Mortgages, § 1064; *Frost* v. *Y. S. Bk.*, 70 N. Y. 553; *Ellsworth* v. *Lockwood*, 42 id. 89; *Biglow* v. *Cassidy*, 26 N. J. Eq. 557–560; *Twombly* v. *Cassidy*, 82 N. Y. 155; *Wilkes* v. *Harper*, 1 id. 586; *Matthews* v. *Aiken*, 1 id. 602.)

*E. A. Nash* for respondent. The owner of land, or a person having an interest in or lien upon land which he is entitled

to protect, may redeem from, or, for his better security, pay a prior mortgage and resort to the land as a fund out of which to be reimbursed or to satisfy such prior mortgage. (2 Story's. Eq. Juris. § 1023 ; 4 Kent's Com. 162 ; Thomas on Mort. 222 ; *Pardee* v. *Van Auken*, 3 Barb. 534 ; *Ellsworth* v. *Lockwood*, 42 N. Y. 96 ; *Averill* v. *Taylor*, 8 id. 44, 51 ; *Frost* v. *Y. S. Bank*, 70 id. 557 ; *Johnson* v. *Zink*, 51 id. 333 ; *Cole* v. *Malcolm*, 66 id. 363 ; *Robinson* v. *Ryan*, 25 id. 320 ; *Halsey* v. *Reed*, 9 Paige, 446 ; *Marsh* v. *Pike*, 10 id. 595 ; *McLean* v. *Towle*, 3 Sandf. Ch. 117.) It cannot be said that Green had not such an interest as would entitle him to the right to pay the Wadsworth mortgage and be subrogated to the rights of the mortgagee. (*Johnson* v. *Zink*, 51 N. Y. 333 ; *Jumel* v. *Jumel*, 7 Paige, 591.)

VANN, J. This appeal presents the single question whether, under all the circumstances of the case, the defendant should have been substituted in the place of Mr. Wadsworth as the owner of the mortgage in question. Did he by the fact of payment become the equitable assignee of the security and entitled to enforce it for his own reimbursement and the protection of his interest in the land? Under some circumstances the payment of a mortgage does not satisfy it or destroy its lien, because equity regards the person making the payment as the owner thereof for certain definite purposes and keeps it alive and preserves its lien for his benefit and security. According to the well-established principles upon which the doctrine of equitable assignment by subrogation rests, if the person paying stands in such a relation to the premises that his interest, whether legal or equitable, cannot otherwise be adequately protected, the transaction will be treated in equity as an assignment. (Sheldon on Subrogation, §§ 1, 3, 14, 16 ; 3 Pomeroy's Equity Jur. § 1211 ; Jones on Mortgages, § 874.) The remedy of subrogation is no longer limited to sureties and *quasi* sureties, but includes so wide a range of subjects that it has been called the "mode which equity adopts to compel the ultimate payment of a debt by one who in

justice, equity and good conscience ought to pay it." (Harris on Subrogation § 1; *Barnes* v. *Mott,* 64 N. Y. 397, 401; *Stevens* v. *Goodenough,* 26 Vt. 676; *Harusberger* v. *Yancey,* 33 Gratt. 527; *Smith* v. *Cosan,* 42 Conn. 244.) While a mere volunteer, with no obligation to pay or interest to protect, is not entitled to its aid, it is frequently applied in favor of a vendee of encumbered real estate, who, although not personally liable, has paid the debt of another which is a charge upon the land, and which, if not paid, might cause him to lose his interest therein. Under such circumstances the debt, although paid and satisfied in form, is regarded in equity as neither paid nor satisfied in fact, but by operation of law the former holder ceases to be the creditor, while the person paying takes his place as owner of the debt and security unimpaired. Where, within the limitations suggested, benefit may result to the person paying without injury to the person who should pay, equity casts the burden upon the latter, who ought in fairness to bear it, provided it will not work injustice or disturb the rights of other creditors of a common debtor. (Id.; *Johnson* v. *Zink,* 51 N. Y. 333; *Cole* v. *Malcolm,* 66 id. 363; *Twombly* v. *Cassidy,* 82 id. 155; *Gans* v. *Thieme,* 93 id. 225, 232; *Averill* v. *Taylor,* 8 id. 44, 51.)

These principles, when applied to the facts of this case, sustain the judgment as modified by the General Term. The defendant was the purchaser of land subject to two incumbrances, the earlier of which was a mortgage for a large sum past due, and the other a decree in Surrogate's Court, the subject of which was still in litigation. He was the vendor of the same land, subject to the same incumbrances, but no part of the principal of the purchase-price had been paid, and interest thereon was past due and unpaid. The land itself was the primary fund for the payment of said incumbrances, neither of which was the personal debt of the defendant, but either of which, if enforced, would require him to raise the money and pay it, or else lose his interest in the premises. He held the legal title to the land as security for the payment of the purchase-price, and as trustee for the plaintiffs, the

equitable owners. It did not appear that the land was adequate security for the amount there was against it, including the demand of the defendant. It is clear, therefore, that he was not a mere volunteer or stranger, because he had an actual interest to protect against two prior liens, either of which might be enforced at any time, involving trouble, expense and the possible loss of his claim. The danger of interference may have been remote, but there was nothing to protect him against a change of mind on the part of the holder of the mortgage or on the part of the plaintiffs. Freedom from interference depended upon moral assurance, not upon legal right. How can he be called a stranger to a debt whose land is the primary fund for the payment of such debt? A stranger or volunteer, as those terms are used with reference to the subject of subrogation, is one who, in no event resulting from the existing state of affairs, can become liable for the debt, and whose property is not charged with the payment thereof and cannot be sold therefor. A payment made by one who was liable to be compelled to make it, or lose his property, will not be regarded as made by a stranger. Where the person paying has an interest to protect he is not a stranger. Even if he holds the title to land merely as security, still he has an interest that is insecure, in a legal sense, as long as the prior lien is past due and held by another. (Harris on Subrogation, §§ 795–798; Sheldon on Subrogation §§ 245, 246; Jones on Mortgages, § 877.)

It is insisted, however, that the payment made by the defendant was not a fair effort to protect his property, but that his method was underhanded and his object uncertain. This is doubtless true, and it gave the court jurisdiction to require the defendant to so handle his security as not to injure the plaintiffs, and to place them as nearly as possible in the same position as if he had not paid the mortgage. Owing to his misconduct he was properly compelled not only to defer the enforcement of his security until the plaintiffs had had a reasonable time to find another holder for the mortgage, but also to pay the entire costs of the litigation. The plaintiffs.

cannot, with propriety, complain of the decree as modified, because they lose nothing by it. They are substantially situated as they were before the payment was made. They should not, therefore, be permitted to take advantage of the defendant by insisting that an effect be given to the payment which was not intended and which would be inequitable. They come into a court of equity seeking, among other things, relief from their own default in not paying the interest upon the law day. (*Stevenson* v. *Maxwell*, 2 N. Y. 408.) As they seek equity from the defendant, they must do equity toward him; and when they receive all that they contracted for, it would not be equitable for them to avoid paying for it as they agreed. Equity will not permit them to receive the equivalent of $6,000 for nothing and at the same time to demand its aid for further relief against the person who parted with that sum for their benefit, even if his methods were indirect and his object questionable. On the other hand, it will give to each party his own; to the plaintiffs the land, and to the defendant the money and security, but, under the circumstances, will require him to so use the latter as not to take any advantage of his vendees.

If the plaintiffs had made a tender before the defendant made the payment, or if they could not have been placed in the same situation, substantially, that they were in before the payment was made, different questions would have arisen for consideration in relation to which we express no opinion.

We think that the judgment should be affirmed, but, under the circumstances, without costs.

All concur, except BROWN, J., dissenting, and BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.