(21 App. Div. 565.)

HOVER v. HOVER et al.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

1. MORTGAGES—RIGHT TO ASSIGNMENT—WHEN EXISTS.

A person who is interested in mortgaged property, and who can present sufficient legal or equitable grounds for such relief, is entitled, upon tendering the amount, to an assignment of the bond and mortgage, as distinguished from being obliged to pay the mortgage debt, and receive a satisfaction piece.

2. SAME.

An owner of mortgaged property directed by his will that it be sold and distributed. Long subsequently, when the office of trustee had become vacant, an action was brought to foreclose the mortgage. One of those interested in the property under the will tendered payment, and demanded an assignment of the mortgage. Her only object was to prevent a public sale, but it was not shown that a private one would be more advantageous. The proposed sale on foreclosure would facilitate distribution with less delay and expense than to bring about a sale under the will. Held, that a proper case for compelling an assignment was not made out.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term.

Action by Philip H. Hover against Martha Hover and others. From an order denying a motion to compel plaintiff to assign a mortgage to Daniel G. Bogert and another as executors, the executors appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John J. Sullivan, for appellants.
L. B. Bunnell, for respondent Philip H. Hover.
A. R. Bunnell, for respondent Martha Hover.

O'BRIEN, J. This action was commenced for the foreclosure of a mortgage made by one Henry Otten to the Germania Life Insurance Company, and assigned to the plaintiff. Otten died, leaving him surviving the defendant Martha Hover and Louise M. Bogert (the latter

now deceased), his children, in whom the title to the mortgaged premises vested at the time of the death of Louise M. Bogert. The latter died in New Jersey, leaving a will, which was there probated, whereby she appointed Daniel G. Bogert and Anna T. Pope her executors and trustees, and directed them to hold her real estate in trust, to let and rent the same, and apply the rents and income to the use of Daniel G. Bogert during his natural life, and upon his death to sell the real estate, and divide the proceeds among certain persons named; the will giving the executors power to sell during the lifetime of Daniel G. Bogert, and to execute deeds. Before the time of the executors of Mrs. Bogert to answer in this suit had expired, they tendered to the plaintiff the principal and interest of the mortgage, and the costs and disbursements of the foreclosure, and presented an assignment for execution, and demanded an assignment of the bond and mortgage to them, which was refused. As a ground for such refusal it was shown that at the death of Otten's widow Mrs. Hover and Mrs. Bogert, his children, were alone interested in the property or its proceeds. Mrs. Hover's position was and is that their interest in the estate of their father was personal property, under the doctrine of equitable conversion, and either party had the absolute right to require the sale of the property, and to have her share of the proceeds paid over to her. Mrs. Bogert's representatives, on the other hand, insist that for the purposes of this action the mortgaged premises are to be considered real estate; and that although, by the will of Otten, the land was directed to be sold, and the proceeds paid to the beneficiaries, they elected to take the land in place of the proceeds, and thereby the power of sale became extinguished. In support of this latter view, it would appear that, although Otten, by his will, devised the premises to trustees to pay the income arising therefrom to his widow during her life, and after her death to sell the premises, and divide the proceeds among his children, the widow alone qualified as executor, and the other executors are now dead; that no sale was made under the power contained in the will; and that upon the death of the widow, 20 years ago, Mrs. Hover and Mrs. Bogert took possession of the property, cared for it, paid taxes, etc., until the death of Mrs. Bogert. It will thus be seen that the controversy which has arisen grows out of the different views taken by Mrs. Hover and Mrs. Bogert's representatives as to whether the real estate should be sold, and the shares divided; Mrs. Hover insisting that she should receive her share, and Mrs. Bogert during her lifetime having been, as her representatives now appear to be, unwilling to consent to a judicial sale. In the interest of Mrs. Hover, the plaintiff procured an assignment of the mortgage, and is proceeding with the foreclosure, and the question presented is as to whether the defendants are entitled, upon tender of the amount, to an assignment of the bond and mortgage. The respondents claim that the moving parties have no interest in this property, vested or otherwise, and that, even if they be regarded as having some interest in the property or its proceeds, they cannot insist upon an assignment, because they do not occupy the position of surety, or present sufficient equitable reasons to justify their demand. There are de-

cisions which favor the view that, in order to compel an assignment, as distinguished from a payment of the mortgage debt, one must occupy the relation of a surety to the debt secured by the mortgage. Such cases, however, we must regard as no longer controlling, in view of the decision of the court of appeals in Twombly v. Cassidy, 82 N. Y. 155, where a junior mortgagee tendered the amount, and demanded an assignment of the mortgage; and the same objection was raised that he was not a surety, and it was held that such junior mortgagee may be subrogated to the rights of the senior mortgagee, and, upon tender of the amount, may compel an assignment of the bond and mortgage, although he does not occupy the position of a surety. It will thus appear that one who is interested in the property, and can present sufficient legal or equitable grounds for such relief, is entitled to an assignment of the bond and mortgage upon tender of the amount, as distinguished from being obliged to pay the mortgage debt and receive a satisfaction piece. So, upon this application, the real question to be determined is as to whether the facts entitle the executors of Mrs. Bogert to the relief demanded. Such right we cannot regard as by any means clear, because, while the general rule is that one interested in property covered by a mortgage should be permitted to tender the amount due upon such mortgage, and take an assignment for the purpose of preventing a sale of the property, there are exceptions to this rule. Here, Mrs. Hover, pursuing legal rights and remedies, has just as much right to have the property sold, and obtain her share of the proceeds, in accordance with the expressed intention of her father, as the representatives of Mrs. Bogert have to insist that the property should not be sold. It would be, of course, within the power of the latter to pay off the mortgage, and satisfy the same, and upon the accounting finally between the parties as to the property to charge the proportion which Mrs. Hover was responsible for against her interest in the property. Mrs. Hover has rights and equities as strongly in her favor as any running in favor of Mrs. Bogert's executors. Having got the mortgage in the hands of one friendly to her, the advantage obtained by Mrs. Hover in procuring a sale under the mortgage would avoid the expense and delay of an application to the supreme court to appoint an agent of the court to execute the provisions of her father's will as to a sale and division of this property. Moreover, if the executors of Mrs. Bogert can now demand an assignment, Mrs. Hover would seemingly have an equal right to demand one; that is, assuming that each sought the assignment for the purpose of obtaining control of the action and proceeding to have a sale of the premises. This equality in right to demand an assignment renders it difficult to determine when it should cease, and, if exercised by each party, would lead to endless applications. If the purpose of one, however, was to prevent a sale of the property at all, and of the other to have such sale, this difference might, other things being equal, incline the court to uphold the general rule of exercising its discretion in favor of one seeking to prevent a sale. While such seems, as stated, to have been the attitude of Mrs. Bogert in her lifetime, it is not that of her executors. By the affidavit of their attorney it appears that they think a sale is proper, but incline

to a private, as distinguished from a judicial, sale; or, to use the language of the affidavit:

"That deponent verily believes it is to the interest of the estate of said Louise M. Bogert, and also to the interest of the defendant Martha Hover, as the owners of the equity of redemption in said premises, that the said mortgage be assigned to the estate of said Louise M. Bogert, and thereby enable the parties interested to sell the mortgaged premises by private contract, which can be done to better advantage than at a forced sale in the near future."

We think that this reason for wanting an assignment of the mortgage is not sufficient, because it is purely speculative, and there is nothing to show that an equally good price could not be obtained at a public as at a private sale; and, considering the right of Mrs. Hover under her father's will to have her share severed from that of her sister, such a right, when attempted to be exercised in the simplest and least expensive manner, should not be prevented by according, without sufficient basis, a superior paramount right to Mrs. Bogert's executors to hold her share to her father's estate for an indeterminate period, or compelling Mrs. Hover to go finally to the supreme court for the appointment of some one to execute the trust under the will of her father, when it can be speedily done by a sale in this action.  The plaintiff is the son of Mrs. Hover, and presumably has taken the mortgage, and is conducting this action in her interest.  Assuming, therefore, that the action is controlled by Mrs. Hover, we cannot, on the facts here presented, see any good or valid reason why the court should deprive her of her right to obtain in a simple and speedy way her portion of her father's estate, when the only objection urged against it is that, in the opinion of the executors of her sister, if they are put in control of the bond and mortgage and of this action, they can, by waiting an indefinite time, secure by private contract a price which to them seems satisfactory.  The question of whether they would ever sell would still remain unsettled, unless an application was made by Mrs. Hover to the supreme court. in which event she would obtain exactly the relief which she will secure by proceeding in this action, namely, a disposition of the property by judicial sale.

We think, therefore, it was right in holding that there was no sufficient showing made, and the order denying the motion should be affirmed, with $10 costs and disbursements.

WILLIAMS and PATTERSON, JJ., concur.    VAN BRUNT, P. J., and INGRAHAM, J., dissent.