SCHREYER v. SAUNDERS et al.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

1. SUBROGATION TO RIGHTS OF MORTGAGEE—OWNER OF EQUITY OF REDEMPTION.
   The owner of the equity of redemption of property subject to a first and a second mortgage, neither of which he has personally assumed, is not entitled to be subrogated, as against the second, to the lien of the first, to the extent of payments made thereon by him.

2. SAME—SECOND MORTGAGE.
   The owner of the equity of redemption of property subject to mortgages is not, on a foreclosure of the second mortgage, entitled to share pro rata in the proceeds of the sale to the extent of payments made by him on it.

Appeal from special term, Kings county.

Action by John Schreyer against Thorndike Saunders, impleaded with others. Judgment for plaintiff, and defendant Saunders appeals. Affirmed without opinion. 56 N. Y. Supp. 1116. Heard on motion for reargument. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thorndike Saunders, in pro. per.
B. Thompson Beach, for respondent.

PER CURIAM. This action is to foreclose a second mortgage, originally for the sum of $2,250. The premises were subject to a first mortgage to the Mutual Life Insurance Company for the sum of $6,750. The appellant was the owner of the equity of redemption, but had not personally assumed payment of the mortgages. Before the institution of this action, he had been compelled to pay, on the demand of the mortgagees, $750 on the first or Mutual Life Insurance Company mortgage, and $300 on the mortgage in suit. The plaintiff seeks to recover only the balance of $1,950 due on his mortgage. The appellant answered, setting forth the payments made by him on the two mortgages already recited, and claimed that he was entitled to be first repaid out of the proceeds of sale the amount paid by him on the first mortgage, and that he was entitled to share proportionately with the plaintiff out of such proceeds for the amount he had paid on the mortgage in suit. The whole question, therefore, presented by this appeal, is whether the owner of an equity of redemption, whose property is subject to mortgages which he has not personally assumed, is entitled to subrogation as to payments made by him on account of such mortgages.

The appellant's claim is certainly a novel one in this state, and, if sustained, will work a great change in the methods of making loans on the security of real property. It is neither necessary nor profitable to review at length the growth of the doctrine of subrogation, or refer to the cases in which subrogation has been granted. "In general, it may be said that, to entitle one to invoke the equitable right of subrogation, he must either occupy the position of a surety of the debt, or must have made the payment under an agreement with the debtor or the creditor that he should receive and hold an assignment of the debt as security, or he must stand in such a relation to the mortgaged premises that his interest cannot otherwise be adequately protected." Jones, Mortg. § 874; Pom. Eq. Jur. § 1211; Arnold v. Green, 116 N. Y. 566, 23 N. E. 1. The defendant's case, if it comes within the rule at all, falls within the third class, of one standing "in such a relation to the mortgaged premises that his interest cannot otherwise be adequately protected." To determine whether the appellant's interest cannot be adequately protected otherwise than by subrogation, it is necessary, in the first place, to ascertain what the appellant's rights and interests were. The foundation of his contention is that, as he is not personally responsible for the debt, his position as owner of the equity of redemption is substantially analogous to that of mortgagees of the premises or other lienors. The correctness of this proposition we wholly deny. The land was doubtless the primary resource for the payment of the mortgages, and is often said to be the principal debtor. But land cannot pay money. The debt must be paid, either by the owner of the land, or by one who seeks to become the owner, such as a purchaser on foreclosure. Therefore, while the appellant was not personally responsible for the debt, beyond the land, still to that extent it was his debt, because it was charged on his property; and, to retain the property, he must discharge the incumbrances upon it. Therefore, as to any payments made by him on account of the mortgages, it must be considered either that the appellant paid a debt which was his own, in the sense I have stated, or that the land paid its debt; for the only way the land can pay the debt is by its owner paying the debt for it. It is the settled rule that, where the principal debtor pays his own debt, there can be no right of subrogation. In Pease v. Egan, 131 N. Y. 262, 30 N. E. 102, the plaintiff's testator had discharged a mortgage on real estate devised to her upon the death of the devisor's widow and the attainment by his youngest child of the age of 21 years. Plaintiff's testator died before the period named, and the devise never vested. It was held that her estate was entitled to subrogation of the mortgage she had paid off. But the ground on which this decision proceeded was that the devise was contingent, not vested, and that, the mortgage becoming due before her title became absolute, she could not be put to the alternative of, on the one hand, suffering the subject of the devise to be swept away; or, on the other, losing the amount she might pay in satisfaction of the mortgage in case she failed to live until the devise became indefeasible. The dilemma in which the devisee was placed, the existence of the contingency which might devest her title, created the

equity which subrogated her to the mortgage. But there was nothing of the kind in this case. The title of the appellant to the property was absolute, and he had no equity to be protected by subrogation.

The appellant and the plaintiff are not the only parties interested in the question before us. Just so far as the security for the plaintiff's mortgage is impaired by letting in the payment on the first mortgage as a prior lien, and permitting the payment on the mortgage in suit to share in the proceeds of sale, so far is the liability of the original mortgagor and bondsman for any deficiency, increased. If the claim of the appellant is to prevail, I do not see why, even in case he paid off both mortgages, he would not be able to keep them alive as personal claims against the mortgagors. The doctrine is laid down in Sheld. Subr. § 26, that a purchaser of lands subject to a mortgage, but not assumed by him, "cannot, upon paying off the mortgage debt, have the mortgage assigned to himself, and avail himself of it against his grantor, the original mortgagor, unless for special reasons." Atherton v. Toney, 43 Ind. 211; Eaton v. George, 2 N. H. 300; Bier v. Smith, 25 W. Va. 830. This is precisely what the defendant is attempting to accomplish in this case, though not to the whole extent of the mortgages. It has been universally assumed by conveyancers that payments made on the principal of a mortgage, where none of the mortgaged property was released, increased the security for the debt. If, in case of subsequent foreclosure, such payments are to share in the proceeds of the sale with the unpaid part of the mortgage debt, there will have to be a revolution in the practice of making loans on mortgage. We apprehend that the appellant's claim in this respect needs no discussion.

The motion for a reargument should be denied.