JOHN SCHREYER, Respondent, *v.* THORNDIKE SAUNDERS, Appellant, Impleaded with Others.

*Subrogation — a party acquiring title to mortgaged premises, but not assuming the mortgage, is not entitled to subrogation to the extent of moneys paid on the mortgage.*

A person who takes title to premises subject to two mortgages, but does not assume payment of such mortgages, is not entitled upon the foreclosure of the second mortgage to be repaid out of the proceeds of sale a sum paid by him on the first mortgage and to share proportionately with the second mortgagee for an amount paid by him upon the second mortgage.

The mortgage debt being a charge upon the mortgaged property, the owner, in making payments upon the mortgages, must be considered as paying his own debt, and, therefore, has no right of subrogation.

MOTION by the defendant, Thorndike Saunders, for a reargument of an appeal by said defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

the county of Kings on the 7th day of December, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Thorndike Saunders,* in person, for motion.

*B. Thompson Beach,* opposed.

PER CURIAM:

This action is to foreclose a second mortgage, originally for the sum of $2,250. The premises were subject to a first mortgage to the Mutual Life Insurance Company for the sum of $6,750. The appellant was the owner of the equity of redemption, but had not personally assumed payment of the mortgages. Before the institution of this action he had been compelled to pay, on the demand of the mortgagees, $750 on the first or Mutual Life Insurance Company mortgage, and $300 on the mortgage in suit. The plaintiff seeks to recover only the balance of $1,950 due on his mortgage. The appellant answered, setting forth the payments made by him on the two mortgages already recited, and claimed that he was entitled to be first repaid out of the proceeds of sale the amount paid by him on the first mortgage, and that he was entitled to share proportionately with the plaintiff out of such proceeds for the amount he had paid on the mortgage in suit. The whole question, therefore, presented by this appeal is whether the owner of an equity of redemption, whose property is subject to mortgages which he has not personally assumed, is entitled to subrogation as to payments made by him on account of such mortgages.

The appellant's claim is certainly a novel one in this State, and if sustained will work a great change in the methods of making loans on the security of real property. It is neither necessary nor profitable to review at length the growth of the doctrine of subrogation, or refer to the cases in which subrogation has been granted. " In general, it may be said that to entitle one to invoke the equitable right of subrogation he must either occupy the position of a surety of the debt, or must have made the payment under an agreement with the debtor or the creditor that he should receive and hold an assignment of the debt as security, or he must stand in such

a relation to the mortgaged premises that his interest cannot otherwise be adequately protected." (Jones Mort. § 874; Pom. Eq. Juris. § 1211; *Arnold* v. *Green*, 116 N. Y. 566.) The defendant's case, if it comes within the rule at all, falls within the third class, of one standing "in such a relation to the mortgaged premises that his interest cannot otherwise be adequately protected." To determine whether the appellant's interest cannot be adequately protected otherwise than by subrogation, it is necessary, in the first place, to ascertain what the appellant's rights and interests were. The foundation of his contention is that, as he is not personally responsible for the debt, his position as owner of the equity of redemption is substantially analogous to that of mortgagees of the premises or other lienors. The correctness of this proposition we wholly deny. The land was, doubtless, the primary resource for the payment of the mortgages, and is often said to be the principal debtor. But land cannot pay money; the debt must be paid either by the owner of the land or by one who seeks to become the owner, such as a purchaser on foreclosure. Therefore, while the appellant was not personally responsible for the debt beyond the land, still, to that extent, it was his debt, because it was charged on his property; and to retain the property he must discharge the incumbrances upon it. Therefore, as to any payments made by him on account of the mortgages, it must be considered either that the appellant paid a debt which was his own, in the sense I have stated, or that the land paid its debt; for the only way the land can pay the debt is by its owner paying the debt for it. It is the settled rule that where the principal debtor pays his own debt, there can be no right of subrogation. In *Pease* v. *Egan* (131 N. Y. 262) the plaintiff's testator had discharged a mortgage on real estate devised to her upon the death of the devisor's widow and the attainment by his youngest child of the age of twenty-one years. Plaintiff's testator died before the period named, and the devise never vested. It was held that her estate was entitled to subrogation of the mortgage she had paid off. But the ground on which this decision proceeded was that the devise was contingent, not vested; and that the mortgage becoming due before her title became absolute, she could not be put to the alternative of, on the one hand, suffering the subject of the devise to be swept away, or, on the other, losing the amount she

might pay in satisfaction of the mortgage in case she failed to live until the devise became indefeasible. The dilemma in which the devisee was placed — the existence of the contingency which might divest her title — created the equity which subrogated her to the mortgage. But there was nothing of the kind in this case. The title of the appellant to the property was absolute, and he had no equity to be protected by subrogation.

The appellant and the plaintiff are not the only parties interested in the question before us. Just so far as the security for the plaintiff's mortgage is impaired by letting in the payment on the first mortgage as a prior lien, and permitting the payment on the mortgage in suit to share in the proceeds of sale, so far is the liability of the original mortgagor and bondsman for any deficiency increased. If the claim of the appellant is to prevail, I do not see why, even in case he paid off both mortgages, he would not be able to keep them alive as personal claims against the mortgagors. The doctrine is laid down in Sheldon on Subrogation (§ 26) that a purchaser of lands subject to a mortgage, but not assumed by him, " cannot, upon paying off the mortgage debt, have the mortgage assigned to himself, and avail himself of it against his grantor, the original mortgagor, unless for special reasons." (*Atherton* v. *Toney*, 43 Ind. 211; *Eaton* v. *George*, 2 N. H. 300; *Bier* v. *Smith*, 25 W. Va. 830.) This is precisely what the defendant is attempting to accomplish in this case, though not to the whole extent of the mortgages.

It has been universally assumed by conveyancers that payments made on the principal of a mortgage, where none of the mortgaged property was released, increased the security for the debt. If in case of subsequent foreclosure such payments are to share in the proceeds of the sale with the unpaid part of the mortgage debt, there will have to be a revolution in the practice of making loans on mortgage. We apprehend that the appellant's claim in this respect needs no discussion.

The motion for reargument should be denied.

All concurred.

Motion for reargument denied.