(29 Misc. Rep. 235.)

## STEWART et al. v. SMITH et al.

(Supreme Court, Special Term, New York County. October 17, 1899.)

MORTGAGES—EQUITY OF REDEMPTION—ASSIGNMENT OF MORTGAGE TO OWNER.
     One who purchases real estate subject to a mortgage which is about to be foreclosed is entitled to an assignment of the mortgage without covenants, and without recourse to such person as he may nominate, on tendering the amount thereof, and revenue tax required on the assignment, where it appears that by reason of domestic differences the purchaser's wife refuses to join with him in the execution of a deed or mortgage; and the mere fact that it is contrary to the mortgagee company's rules to assign a mortgage under such circumstances, and the further fact that the wife has requested it not to, are not sufficient reasons for refusing to compel defendants to assign to plaintiff.

Motion by defendant John J. H. Poillon in a suit to foreclose a mortgage, brought by John A. Stewart and others, as trustees of the Liverpool & London & Globe Insurance Company in New York against Frank L. Smith and others, to compel assignment of mortgage to person nominated by him. Motion granted.

Frayer, Smith, White & Seaman (Eugene Frayer, of counsel), for the motion.

Philbin & Beekman (Eugene A. Philbin, of counsel), opposed.

GIEGERICH, J. The defendant John J. H. Poillon, the owner of the equity of redemption, in property purchased by him subject to the plaintiff's mortgage, seeks to compel an assignment of such mortgage, together with the bond accompanying the same, to himself or to his nominee, without covenants and "without recourse," upon payment of the amount due thereon, and the amount of the revenue tax required on such assignment. It appears from the moving affidavits that domestic difficulties and differences have arisen between the defendant owner and his wife, and that the latter has refused to join in the execution of a deed of or mortgage upon the premises in question. The reasons advanced by the plaintiffs for their refusal to deliver the assignment are that it is against their rules, and that the attorney for the wife of the defendant owner had requested them not to give any assignment of such bond and mortgage. These reasons, to my mind, are not sufficient, and it is clear upon the papers submitted that, if the defendant owner should be required to accept merely a satisfaction piece upon his payment of the mortgage debt and interest to avoid the foreclosure, then he would be compelled so far to make an additional investment in real estate, and subject the same to a right of dower in his wife against his own wishes. Were this defendant a junior mortgagee, there is no question that the assignment could be demanded by him (Twombly v. Cassidy, 82 N. Y. 155), and, so far as the plaintiffs are concerned, the identity of the assignee is immaterial, in the absence of conflicting equities. I think that the defendant owner stands in such relation to the property as to be entitled to the relief sought, under the circumstances, upon general principles of equity, and to grant his application involves no hardship upon his wife, who would lose, rather than gain, by the fore-

closure, and who could not be heard to demand that a further invest-ment in real estate should be forced upon her husband to protect his present investment and her own interests. The earlier rule that one seeking an assignment of a mortgage from the mortgagee upon tender must occupy the relation of a surety to the debt, has no longer application, and it is broadly stated "that one who is interested in the property, and can present sufficient legal or equitable grounds for such relief, is entitled to an assignment, * * * as distinguished from being obliged to pay the mortgage debt and receive a satisfac-tion piece." Hover v. Hover, 21 App. Div. 568, 48 N. Y. Supp. 397, affirmed 155 N. Y. 666, 49 N. E. 1098. In the absence of any direct authority in favor of the plaintiffs, or of reasons which might dis-close justice in their opposition to this motion, I am inclined to hold that there is merit in the moving party's application.

Motion granted, without costs.