In re BACON.

(District Court, W. D. New York. August 29, 1904.)

No. 1,782.

1. BANKRUPTCY—MORTGAGED PROPERTY—RIGHT OF TRUSTEE TO COMPEL ASSIGNMENT OF MORTGAGE.

A trustee in bankruptcy is vested with such an interest in mortgaged real estate of the bankrupt as entitles him to pay the mortgage debt and have the mortgage assigned to himself or to a person designated by him, although it is not in process of foreclosure, where it is shown that it will

be for the benefit of the estate, by enabling him to sell the property to better advantage; and the court of bankruptcy has jurisdiction, on his petition, to compel the mortgagee to accept payment and execute the assignment.

In Bankruptcy. On question certified from referee.

Clarence A. MacDonald, for petitioner.

George E. Zartman, for trustee.

HAZEL, District Judge. This is a review of a decision of Hawley, referee, requiring the Seneca Falls Savings Bank to accept the sum of $4,095, tendered to it by the trustee, and thereupon to execute an assignment of the bond and mortgage made by Francis Bacon, the bankrupt, on July 31, 1901, to said bank, and also that the bank deliver the assignment, the bond and mortgage, and all other papers connected with said loan, to the assignee. It was further ordered by the referee that the assignment of such mortgage be made either to the trustee or to a third party, as the trustee should designate. The trustee stands in the place of the mortgagor, and upon his appointment is vested with the title of the bankrupt to the mortgaged premises. In re Kellogg (D. C.) 113 Fed. 120, affirmed 121 Fed. 333, 57 C. C. A. 547. Under Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), the trustee has all the powers which the bankrupt might have exercised for his own benefit. It follows, therefore, that if the bankrupt (had bankruptcy not intervened) could have compelled the bank, on payment of the mortgage debt, to assign the mortgage to a third person, the trustee, to protect the rights of the creditors and of the bankrupt, upon tender of the amount due, is entitled to an assignment of the mortgage either to himself or such person as he may suggest. On principle and authority, a person interested in mortgaged premises is entitled to an assignment of the bond and mortgage, even though the mortgage is not under process of foreclosure, provided sufficient legal and equitable grounds are presented for such assignment, and the amount secured by the mortgage, including accrued interest, is paid. The following cases (Twombley v. Cassidy, 82 N. Y. 155; Nelson v. Loder, 132 N. Y. 288, 30 N. E. 369; Stewart et al., as Trustees, etc., v. Smith, 29 Misc. Rep. 235, 60 N. Y. Supp. 329; Hover v. Hover, 21 App. Div. 568, 48 N. Y. Supp. 395; Arnold v. Green, 116 N. Y. 566, 23 N. E. 1), cited by counsel for trustee, are authority for the proposition that junior mortgagees, sureties, owners of equities of redemption, or persons generally who stand in such relation to the property that their interests, whether legal or equitable, cannot be otherwise protected, are entitled to an assignment of the mortgage upon tender of the amount due. Counsel for the bank contends that these cases do not apply, for the reason that the mortgage was not in process of foreclosure, nor was foreclosure threatened, and that the bank, being satisfied with its security, has no intention of foreclosing the mortgage. These reasons, and others advanced on argument, are thought to be unsound and not persuasive. The simple question is whether the trustee has such an interest in the property of the bankrupt as will enable him, upon payment of the amount due, to exact from the lienor or mortgagee the satisfaction of the incumbrance, or a transfer thereof

by assignment to another. It appears from the petition of the trustee that the bankrupt has an interest in the property mortgaged, as owner of the equity of redemption, and that a sale thereof in parcels, free from the mortgage lien and dower interest, will be beneficial to the bankrupt's estate. It is the duty of the trustee to collect and reduce to money the property of the estate for which he is trustee, and, pursuant to section 67b (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]), he is subrogated to the rights of creditors, and may enforce these rights for the benefit of the estate. Whether the trustee has the right to require an assignment of the mortgage held as security by the bank, under section 67 (b), need not be expressly decided. It is enough that the moving papers show that the bankrupt has an interest in the property such as the trustee is empowered by the bankrupt act to protect. The trustee not only stands in the shoes of the bankrupt, but, as heretofore stated, as an officer of the court, he is actually vested with the title of the mortgagor to the property in question. See Carter v. Hobbs (D. C.) 92 Fed. 597. The bankrupt court undoubtedly has power and jurisdiction to compel the execution and delivery by the bank of an assignment of the mortgage in question. The principle which compels a third party to surrender money or assets belonging to the bankrupt, as announced in Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, undoubtedly applies here. The bank admittedly is not an adverse claimant, and no sufficient reason is shown by the answer why it should not accept the mortgage debt. A legal tender of the full amount secured, with interest, was made on the day when the interest was payable. The only pretense for not delivering an assignment, as demanded by the trustee, in addition to those heretofore mentioned, are that the reasons of the trustee, set forth in the petition, are purely speculative, and, therefore, the bank should not be obliged to surrender its security. Hover v. Hover, supra, is cited as authority for denying the application of the trustee on account of his failure to show positively that he will be enabled to realize a greater sum for the property on sale in the event of his obtaining an assignment of the mortgage. In the Hover Case the court refused to compel an assignment to one of two tenants in common, partially, at least, upon the ground that the common ancestor of the tenants in common directed his executors to sell the property, and divide the proceeds of the sale between them. The executors in their lifetime failed to exercise the power of sale. Thereupon, one of the tenants in common mortgaged the property to a friend, and to procure a sale thereof caused the mortgage to be foreclosed. These facts are clearly distinguishable from the facts here presented, and therefore the objection is thought to be groundless. My conclusion is that the trustee, who by operation of law is interested in the property mortgaged, has shown sufficient legal and equitable grounds for compelling the bank to comply with the order of the referee. The question presented, namely, whether the order of the referee requiring the bank to execute an assignment is valid, is answered in the affirmative.