BLYDENBURGH et al. v. SEABURY et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. MORTGAGES—PARTIAL PAYMENT BY THIRD PERSON—SUBROGATION.

Where defendant, who was not a party to a mortgage, made a payment thereon, she was not entitled to subrogation to the rights of the holder of the mortgage, to the extent of such payment, unless the payment was made under an agreement that it should constitute a lien on the property, or unless she was compelled to make the same to protect an interest of her own in the mortgaged premises.

2. SAME—INTEREST—HEIRS—EXPECTANCY.

The possibility that a person making a payment on a real estate mortgage might become the owner of the premises, as an heir of the holder of the title, did not give her such an interest in the mortgaged property as to entitle her to subrogation to the rights of the holder of the mortgage as to such payment.

Appeal from Special Term, Suffolk County.

Action by Edith D. Blydenburgh and another against Susan G. Seabury and others. From a judgment sustaining plaintiffs' demurrer to new matter set up in the answer as a defense, defendant Susan G. Seabury appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

George E. Coney, for appellant.
W. M. Seabury, for respondents.

WILLARD BARTLETT, J. This is an action to foreclose a mortgage given to secure a note of $5,600. The complaint alleges that the mortgagee, the Southold Savings Bank, assigned the mortgage and note to the plaintiffs for $5,000, and that there has been a default in the payment of interest, and demands judgment for foreclosure and sale in the usual form. The answer of the defendant Susan G. Seabury denies any knowledge or information sufficient to form a belief as to the making or consideration of the assignment, and sets up certain new matter as a defense. That new matter may fairly be stated as follows: The mortgaged property was formerly owned by Charles S. Seabury, who died intestate, leaving a widow, Ruth H. Seabury, five children, and one grandchild. Ruth H. Seabury afterward became the sole owner of the premises. By subsequent conveyances the title passed to Ruth H. Seabury and her daughter Maria Seabury as joint tenants. Upon the death of Ruth H. Seabury the ownership vested in Maria Seabury, who occupied the property together with her brother Charles E. Seabury and the plaintiffs. Samuel Seabury, deceased, appellant's husband and testator, and brother of Maria Seabury, paid the interest on the mortgage from June 1, 1876, to June 1, 1892, at the request and for the benefit of Ruth H. Seabury, Maria Seabury, and the plaintiffs, amounting to upwards of $7,270, and also made a payment of $600 on the principal. No part of these sums has been repaid.

The defense concludes with an allegation that the plaintiffs have combined, conspired, and colluded with Maria Seabury to obtain

the legal title to the note and mortgage, with the intent of depriving Samuel Seabury and the answering defendant, as his executrix and legatee, of their rights in the premises through the payments made by him on account of the principal and interest of the mortgage, and that they acquired the same with full knowledge of the facts hereinbefore alleged, and with notice of the rights of said Samuel Seabury. In the prayer for judgment the defendant asks to be subrogated to the rights of the holders of the mortgage to the extent of the sums paid by Samuel Seabury on account of principal and interest, and to be permitted to share pro rata in the proceeds of the foreclosure sale. The plaintiffs demurred to the foregoing defense on the ground that it was insufficient, in law, upon the face thereof, and the demurrer was sustained at the Special Term, and the defendant Susan G. Seabury appeals.

The appellant is not entitled to invoke the doctrine of subrogation here unless her testator, Samuel Seabury, made the payments under an agreement that they should constitute a lien upon the property, or unless he was compelled to make the payment to protect an interest of his own in the mortgaged premises. Schreyer v. Saunders, 39 App. Div. 8, 56 N. Y. Supp. 921; Cole v. Malcolm, 66 N. Y. 363. No such agreement is alleged in the defense which is attacked by the demurrer, and Samuel Seabury does not appear to have had any interest or estate whatever to protect in the property which was the subject of the mortgage. The possibility that he might become the owner of the premises, as an heir of Maria Seabury, did not give him such an interest. The remedy of subrogation has uniformly been denied to a mere stranger or volunteer, with no interest to protect and under no obligation to pay; and a stranger or volunteer, within the meaning of this doctrine, has been held to be "one who in no event resulting from the existing state of affairs can become liable for the debt and whose property is not charged with the payment thereof and cannot be sold therefor." Arnold v. Green, 116 N. Y. 566, 23 N. E. 1. Such, it seems to me, was the position of the appellant's testator, and hence the court at Special Term properly held that the new matter pleaded by the defendant Susan G. Seabury as a defense was insufficient in law.

I think the interlocutory judgment should be affirmed, with costs. All concur.