In the Matter of the Liquidation of LAWYERS TITLE AND GUARANTY COMPANY.

Supreme Court, Additional Special Term, New York County, August 26, 1944.

Louis I. Hochstein for Park Financial Corporation, petitioner.

Julius B. Sucher for Superintendent of Insurance, respondent.

Mackellar & Gerbracht for Dollar Savings Bank of the City of New York, respondent.

HECHT, J.  Petitioner, as assignee through mesne assignments of S. & L. Building Corporation, applies for an order directing the Superintendent of Insurance, as liquidator of Lawyers Title and Guaranty Company, to turn over to it fifteen thousand dollars representing the balance of twenty-five thousand dollars deposited by the S. & L. Building Corporation with the Lawyers Title and Trust Company, pursuant to a deposit agreement dated May 4, 1922.

It is conceded by the parties to this motion that the agreement was entered into under the following circumstances: Prior to May, 1922, the S. & L. Building Corporation filed plans for the erection of a building at 2665 Grand Concourse, Bronx, New York.  Application for a building loan was made to the Dollar Savings Bank of the City of New York.  The bank declined to make a loan until the building was completed.  S. & L. applied for and secured from Lawyers Title and Trust Company a building loan of six hundred thousand dollars upon an arrangement that when the building should be completed, the bank would take over the loan.  The building corporation gave Lawyers Title and Trust Company a first mortgage in the amount of six hundred thousand dollars, with the customary guaranty of title in statutory form.

About May, 1922, a survey showed that various parts of the building encroached on East Kingsbridge Road and on the Grand Concourse in varying degrees from seven and one-quarter to eight and three-quarters inches.  Under the circumstances the bank refused to take over the mortgage without adequate protection from the possible consequences of the encroachments.  Accordingly, S. & L. deposited with the Trust Company $25,000 under the following agreement:

" LAWYERS TITLE AND TRUST COMPANY acknowledged receipt from S. & L. BUILDING CORPORATION of a deposit of $25,000 to be held as security for the removal of certain encroachments by the building on the above mentioned premises on the streets, viz.: Grand Boulevard and Concourse and Kingsbridge Road,

and indemnity insofar as it will apply for all costs, expenses, damages or loss which said Lawyers Title and Trust Company may incur by reason of being required to remove said encroachments or by reason of its issuing a policy of title insurance, insuring against the removal of said encroachments, on the bond and mortgage in this transaction when they are later assigned to DOLLAR SAVINGS BANK IN THE CITY OF NEW YORK.

" If the depositor desires to do the work of removal it may at its option do so.

" IT IS AGREED that in the event of DOLLAR SAVINGS BANK OF THE CITY OF NEW YORK requesting LAWYERS TITLE AND TRUST COMPANY to deliver this deposit to said bank at any time after said bank has taken an assignment of the mortgage in this . transaction Lawyers Title and Trust Company is authorized to and agrees to turn said deposit over to said bank in the event of the said bank not requesting Lawyers Title and Trust Company to insure against the removal of said encroachments.

" That the matter of interest on this deposit is to be arranged at a later date.

" IT IS AGREED that as soon as LAWYERS TITLE AND TRUST COMPANY's liability for the removal of said encroachments under its policy of title insurance to DOLLAR SAVINGS BANK OF THE CITY OF NEW YORK ceases this deposit will be returned to the depositor."

In 1924 Lawyers Title and Trust Company was divided by a special act of the Legislature into two corporations: one corporation, Lawyers Trust Company, took over the banking business of the former corporation, and another corporation, Lawyers Title and Guaranty Company, took over the mortgage and title insurance business. Sometime prior to 1928, ten thousand dollars of the deposit had been returned to the building corporation by Lawyers Title and Trust Company, leaving a balance of fifteen thousand dollars which came into the possession of Lawyers Title and Guaranty Company.

In January, 1936, Lawyers Title and Guaranty Company was placed in liquidation and the Superintendent of Insurance named as liquidator. No order of dissolution of the company has been made. The Superintendent indicates that he desires to be relieved of the custody of the fund. Petitioner's present application is opposed by the Dollar Savings Bank which cross moves for an order directing that the fund be turned over to it, to be held on the same terms and conditions as those under which it is now held by the Superintendent of Insurance.

Petitioner's claim is predicated upon its contention that the deposit agreement was not made for the benefit of the bank,

which was not a party to it, and that the liability of Lawyers Title and Guaranty Company, under the policy of title insurance, has ceased to exist because of its liquidation.

It seems clear that the cessation of liability contemplated by the parties to the deposit agreement could not occur until either the encroachments had been removed or there was no danger that the City of New York would or could require them to be removed. The fact that the bank chose the alternate protection provided for in the agreement and obtained a policy of title insurance, does not preclude it from asserting its right to have the deposit which was made to protect the insurer continued for its own protection.

I believe the decision of the Court of Appeals in the case of *People* v. *Metropolitan·Surety Co.* (205 N. Y. 135) is controlling here. The facts are analogous. There, the defendant had procured the surety company to post a bond to dissolve an attachment. The surety company subsequently was adjudicated insolvent and dissolved. Thereafter, the plaintiff recovered a judgment and then attempted to file a claim on the surety bond in the liquidation of the surety company. The Court of Appeals approved the determination of the courts below that, at the time of the dissolution of the surety company, the claim upon the attachment bond was wholly contingent and could not be entertained in the liquidation proceeding. The court went on to point out, however (p. 146): " The Appellate Division said in its opinion, but did not make the suggestion effective in its order, that the claimant can have any collateral security given to the surety company, including the money attached if it was deposited as collateral, transferred to himself. This is required by the principle of subrogation, which gives to the creditor all the securities, rights and remedies belonging to the surety. (*Lewis* v. *Palmer,* 28 N. Y. 271; *Arnold* v. *Green,* 116 N. Y. 566.) "

Upon the basis of the principle thus expressed, the court modified the order appealed from so as to provide that the rejection of the claim should be " without prejudice to the right of the claimant to any security held by the surety company as collateral to its undertaking * * * " (p. 147).

Here, S. & L. Building Corporation was obligated to the bank, as mortgagee, to protect the bank against any impairment of the security for the mortgage debt arising out of the encroachment of the building upon the public streets. When S. & L. Building Corporation procured Lawyers Title and Trust Company to accept a deposit of twenty-five thousand dollars in order to secure the bank against damage by reason of any defect in the

title arising out of encroachments, and when Lawyers Title and Trust Company issued its title policy to the bank containing exactly that undertaking, the situation is similar to that involved in *People* v. *Metropolitan Surety Co.* (*supra*). Lawyers Title and Trust Company obligated itself to do something which S. & L. Building Corporation was originally obliged to do. It took collateral security to indemnify itself against the possibility of having to perform its undertaking. The bank, therefore, is entitled to any collateral deposited with the title company so long as the possession of such collateral is necessary to protect its position.

The existence of a principal-surety relationship between the mortgagor and the title company is not essential to establish the bank's claim to be subrogated to the title company's rights to the retention of the deposit. " The right of subrogation is founded upon principles of equity and not in contract. It is to be so administered as to accomplish, through general equitable rules, what is just and fair between the parties. It does not depend upon privity, nor is it confined to cases of strict suretyship " (*Catskill Nat. Bank.* v. *Dumary*, 206 N. Y. 550, 558, 559).

Motion denied. Cross motion granted. Settle order.